# THE DISTRICT OF COLUMBIA *v.* PAYNE.

NEGLIGENCE; STREETS AND SIDEWALKS; NOTICE.

1. Where it is sought to hold a municipality liable for injuries received by reason of a defect in a sidewalk, actual or constructive notice to the municipal authorities of the existence of the defect must be shown ; but constructive notice may be shown by proof of facts and circumstances showing that the defect would have been known to the authorities if they had exercised reasonable care and diligence in the inspection of the sidewalk.

2. Where a pedestrian passing along a sidewalk was precipitated into a sewer, and injured, by reason of the turning of an iron lid upon which she stepped, which lid covered a catch basin leading into the sewer, and it appeared on the trial of an action brought by her against the municipality for damages for her injuries, that the turning of the lid was caused by one of the two lugs which were necessary to keep it in position having been broken off, it was *held* that the fact that an examination of the break immediately after the accident showed it to have been an old one, the broken surface of the iron being dry and rusted, and the further facts that it was well known to the municipal authorities that the lids of similar catch basins were frequently tampered with by boys and were liable to be broken, and that this particular basin was immediately adjacent to a police patrol box at which policemen on that beat registered their rounds, were sufficient to justify the submission of the case to the jury upon the question of constructive or implied notice to the municipal authorities of the defect and their consequent negligence.

No. 808. Submitted October 5, 1898. Decided December 9, 1899.

HEARING on an appeal by the District of Columbia from a judgment on verdict in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant.

*Mr. J. J. Darlington* and *Mr. W. H. Sholes* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought against the District of Columbia
to recover damages for personal injuries, alleged to have
been sustained by the plaintiff, Emma B. Payne, by falling
through the opening of a sewer trap which, according to the
allegation of the plaintiff, was permitted to remain for a
long time out of repair, and in a dangerous and unsafe con-
dition, in the pavement of one of the public streets of the
city, without any warning or protection to denote or show
that such sewer trap was unsafe or dangerous.   The general
issue of not guilty was pleaded, and the case was tried be-
fore a jury, resulting in a verdict for the plaintiff.   The
facts of the case do not appear to have been disputed, and
the only questions presented on this appeal, according to
the assignment of errors, are: (1) Whether, upon the evi-
dence the court below should not have taken the case from
the jury; and (2) whether there was evidence sufficient to
go to the jury to show that the defendant had notice of the
alleged defect in the sewer trap or covering of the catch
basin in time to put the lid or trap in repair before the oc-
currence of the accident.

It appears that the accident occurred at the southeast cor-
ner of C and Fourth streets, N. E., in the city of Washing-
ton.   At that point, near about the center of the sidewalk,
and in the regular course of travel over it, there was located
a catch basin leading into the sewer, about two feet in
diameter, and protected or designed to be protected by an
iron lid or covering, which was designed to be kept in posi-
tion by two lugs, which, upon the lid being slightly turned,
fitted into flanges at the under surface of the iron covering
of the catch basin.   The plaintiff, in passing along the side-
walk in question, stepped upon this iron lid, which turned
and precipitated her into the sewer below, whereby she was
quite seriously bruised and injured.   Upon examination,
after the accident, it was found that the lid of the basin, at
the time of the accident, was provided with but one of the
lugs necessary to keep it in position, the other having been

broken off at some previous time, but at what particular time, or by what cause, does not appear; and the lid, with one lug broken, would shove or slip off when stepped upon, and that it was impossible to make it hold in position with only a single lug.

The proposition most seriously urged and relied upon by the defendant is, that the evidence was insufficient, upon any principle of construction, to justify the imputing of notice to the defendant, or its officers or agents whose duty it was to inspect, and to keep in safe repair the lids over the catch basins in the sidewalks of the city, of the defective condition of this particular sewer trap or covering. It is not pretended that there was any actual or express notice of the defect, but it is contended for the plaintiff, that the facts and circumstances of the case are sufficient to warrant the imputation of constructive notice of the defect, based, as such constructive notice must be, if it can be imputed at all, upon the length of time that such defective condition of the structure really existed, and the other circumstances attending the defective condition of the lid of the basin, that were found to exist after the accident.

. The proof was, as we have stated, that the lid of the catch basin, with the one lug, would not retain its position, but was liable to be turned or shoved off when trod upon or touched by the foot of a passenger over the sidewalk. That immediately after the accident, the broken lug was examined and found to have the appearance of an old break, dry and rusted along its broken surface, and that it had every appearance of being an old break; that into the little crevices of the break, dirt had washed and had become dried in the broken part of the flanges, and that this dirt appeared to be sediment from rain or dust which had been washed into the crevices and had become dried there. This evidence was in no way refuted; and the only evidence given that tended to support the contention of the defendant upon the subject, was that given by the foreman of a gang of labor-

ers charged with the duty of cleaning the catch basins of sewers; and that witness testified that on the 12th of August, 1895, eleven days before the accident, he was present when the basin in question was cleaned, and that *he thought* both lugs were then on the lid. But his evidence is exceedingly indefinite, and amounts to no more than that, to the best of his belief, the lug was not then broken. The men who actually did the work of cleaning the basin were not produced as witnesses for either side.

There was also proof to show that it was a fact, well known to the authorities of the District, that the lids of these catch basins were frequently tampered with by boys, and were liable to be broken; and that this particular basin was immediately adjacent to a police patrol box, at which the policemen on that beat registered their rounds. There were other circumstances proved, but not material to the question here presented for decision.

Upon these facts and circumstances it is insisted by the defendant that the case should have been withdrawn from the jury by the trial justice; that the evidence was not such, whatever may have been the condition of the top or lid of the catch basin, as to warrant the application of the doctrine of constructive notice of the defect to the defendant, or its officers or agents charged with the duty of repair. That notice, either actual or constructive, is essential to the liability of the defendant, in an action like the present, is unquestioned. But the question here is, whether the facts and circumstances shown in proof were sufficient to be submitted to a jury from which they could rationally conclude that the defendant, its officers or agents, would have obtained notice of the defective condition of the lid of the catch basin producing the injury to the plaintiff before the injury was received, if they had exercised reasonable care and diligence in inspecting and examining the catch basin with the view of keeping it in repair and in a state of safety to the passengers on the sidewalk; and because

of such neglect the defect in the cover of the basin remained unrepaired. If that duty was neglected, and the injury complained of was directly attributable to that neglect of duty, then the defendant was liable. But as the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice may reasonably be inferred, or *proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability.* 2 Dill. Mun. Corp., Secs. 1024 to 1026. Or, as said by Judge Dillon, in Section 1025 of his work, when speaking of this class of cases, "the corporation, in the absence of controlling enactment, is responsible only for a reasonable diligence to repair the defect or prevent accidents *after the unsafe condition of the street is known, or ought to have been known to it or to its officers having authority to act in respect to it.*" And the same proposition is laid down by the Supreme Court of the United States in the *City of New York* v. *Sheffield*, 4 Wall. 189, in substantially the same terms. The court in that case said: "It is certainly true, as a general proposition, that before the corporate authorities can be held liable in this class of cases, it must be shown that they knew of the existence of the cause of the injury, or had been notified of it, or such a state of circumstances must be shown that notice would be implied."

It is very manifest, that from the nature and location of the structure in the sidewalk, it was dangerous to passengers, unless kept in good repair; and to keep it in repair and safe condition, frequent and careful inspection was required. The structure should have been kept in safe repair and condition, for the protection of all conditions of people passing on the pavement; the old as well as the young; those of defective vision as well as those of perfect vision; and those who walked at night and in the dark as well as those who walked in daylight. Whatever may be the necessity for such fixtures in the sidewalks, the duty of the

municipal authorities is to keep them safe against accidents, so far as reasonable care and due diligence will effect that object.

In this case, it is true, the evidence is not strong as bearing upon the essential fact of notice. It consisted entirely of circumstances from which notice was sought to be implied, and the principal circumstance was the length of time that the lid or cover of the catch basin had remained in its broken condition before the accident, as indicated by the rust and dirt accumulated on the broken surface of the lug attached to the cover of the basin. No person was produced as a witness who had ever observed, before the accident, the broken condition of the cover of the basin. But that is far from being conclusive that the break did not exist for a considerable time before the accident occurred. At any rate, there were facts and circumstances in proof in respect of the question of constructive or implied notice to the municipal authorities and the consequent negligence of those authorities in failing to keep in safe repair the lid or cover of the catch basin, from which reasonable men might fairly differ upon the question as to whether the accident was occasioned by the negligence of the municipal authorities or not. And in such case the court can not assume the right to decide the question and withdraw the case from the jury. The question falls within the province of the jury to decide, and it would have been error, on the circumstances of this case, if the court had taken the case from the jury. *Grand Trunk R.R. Co.* v. *Ives,* 144 U. S. 408. As was said by the court in the case just referred to: "It is only where the facts are such that all reasonable men *must draw* the same conclusion from them, that the question of negligence is ever considered as one of law for the court." And for this many authorities are cited.

We find nothing in the rulings of the court below that makes it necessary that the judgment should be reversed, and we therefore affirm it.

*Judgment affirmed.*