CLEVELAND P. MANNING

*vs.*

T. HOWARD EMBERT,
Individually and as Attorney and Agent.

*Principal and agent: covenants of—; additions of words
"agent," etc.*

When one signs and seals an instrument wherein he is bound
by covenants, he can not by the mere addition of the word
"agent," or other words indicating that he is acting in a repre-
sentative capacity, change or vary the legal effect of his under-
taking.                                                    p. 548

But in simple contracts, where the principal is disclosed upon
the face of the writing, the agent is not bound, unless it mani-
festly appears by the terms of the instrument that the agent
intended to supersede or substitute his own responsibility for
that of the principal.                                     p. 548

Contracts that were executed before Chapter 108 of the Acts
of 1914 (Code, Article 75, section 11A), became effective, are
not affected by it.                                       p. 550

*Decided June 23rd, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City.
(Heuisler, J.)

VOL. 126      35

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Charles J. Bonaparte* and *Henry H. Dinneen* (with whom was *Paul M. Burnett* on the brief), for the appellant.

*Wm. Milnes Maloy* (with whom was *Geo. Moore Brady* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant, Cleveland P. Manning, is the owner of a leasehold property in the City of Baltimore, known as No. 907 West North avenue. He and the appellee entered into a contract *under seal* for the sale and purchase of this property. The contract is here transcribed:

> "This Agreement, made this 27th day of February, nineteen hundred and fourteen, between Cleveland P. Manning, of the City of Baltimore and State of Maryland, party of the first part, and T. Howard Embert, Attorney and Agent, of the City of Baltimore and State of Maryland, party of the second part:
>
> "Witnesseth, that the said party of the first part does hereby bargain and sell unto the said party of the second part, and the latter doth hereby purchase from the former the following described property, situate and lying in *in* the City of Baltimore and State of Maryland, more particularly described as No. 907 W. North avenue, having a frontage of fifteen feet on North avenue and a depth of one hundred feet to a ten-foot alley, subject to an annual ground rent of One Hundred and Twenty ($120.00) Dollars, together with the buildings and improvements thereupon erected, and the rights, ways and easements thereto belonging, or in any wise appertaining.

"At and for the price of Three Thousand Two Hundred and Seventy-five ($3,275.00) Dollars, of which $ One Hundred and Fifty have been paid prior to the signing hereof, and the balance is to be paid as follows: within sixty days from the date thereof.

"And upon payment as above of the unpaid purchase money, a Deed for the property shall be executed at the Vendee's expense by the Vendor, which shall convey the property by a good and merchantable title to the Vendee.

"Taxes, ground rent, water rent and assessments to be paid or allowed for by the Vendor to day of transfer.

"Witness our hands and seals.

Cleveland P. Manning.    (Seal)

T. Howard Embert,       (Seal)

Test:                              Attorney & Agent.

    R. B. Pue,

        As to both parties."

Prior to the execution of this contract, the appellant had given the appellee three written options to purchase the property. In each of these options the appellee was designated as attorney and agent, and the appellant obligated himself "to sell and convey to T. Howard Embert, attorney and agent, or to any person or persons or corporations he may designate," etc. The appellee refused to comply with the terms of the contract upon the ground that he was acting as attorney and agent for the Lord Calvert Theatres Company, a corporation which proposed to open a moving picture theatre or parlor, upon the premises, but by reason of objections on the part of property owners and others in the neighborhood the Mayor and City Council refused to pass an ordinance permitting it to do so, and that he had informed the appellant before the execution of the contract that he was acting in the purchase of the property as attorney and agent for the corporation. There were other defenses set up in the answer, but these were not supported by the proof and were not insisted upon in this Court.

The appellant was ready, able and willing to comply with his obligations under the contract, and besides lost a desirable tenant for the property by reason of the failure of the appellee to perform the contract. He demanded that the appellee complete the purchase, and upon his refusal to do so filed a bill in Circuit Court No. 2 of Baltimore City for the specific performance of the contract. That Court dismissed the bill, and the plaintiff has brought this appeal.

The single question presented by the record is this: Is T. Howard Embert, the appellee, personally liable on the contract upon which this suit is based? There is a broad and well defined distinction in the authorities between *simple contracts* and *contracts under seal* with respect to the personal liability of a person to the contract designating himself as agent, attorney, or in other representative capacity. The two classes of cases rest upon entirely dissimilar principles of law. Where one signs and seals an instrument by which he covenants to do certain things, the mere addition of the word "agent," or other words indicating that he is acting in a representative capacity, does not change or vary the legal effect of his undertaking. If, by the terms of the instrument, he imposes a personal liability upon himself it is his own covenant, and he is personally liable upon it. This is the Maryland rule and is supported by a practically unanimous current of authority. *Stewart* v. *Katz,* 30 Md. 334; *Carroll* v. *Bowen,* 113 Md. 150; *Lutz* v. *Linthicum,* 8 Peters, 165; *Stewart* v. *Griffith,* 217 U. S. 323; *Stobie* v. *Dills,* 62 Ill. 432; *Hall* v. *Cockrell,* 28 Ala. 507; *Dayton* v. *Warne,* 43 N. J. L. 659; *Damon* v. *Granby,* 2 Pick. 345; *Huntington* v. *Knox,* 7 Cush. 371.

It is undoubtedly true that in simple contracts where the principal is disclosed upon the face of the writing the agent is not bound, "unless it manifestly appears by the terms of the instrument that the agent intended to superadd or substitute his own responsibility for that of the principal." *Key* v. *Parnham,* 6 H. & J. 418; *McClernan* v. *Hall,* 33 Md. 293: Or unless the fact of agency or the identity of the prin-

cipal is disclosed before or at the time the contract is entered into or before liability is incurred on either side. 2 *Corpus Juris.* 819.

In *McDonough* v. *Templeman,* 1 H. & J. 157, the name of the principal was disclosed in the contract itself. That, it is true, was a contract under seal, but no opinion was filed, although it was stated "that the plaintiff in error acted as agent of the Georgetown Bridge Company, and did not by the contract make himself personally liable.

Mr. Poe in his work on *Pleading and Practice,* 3rd Edition, section 358, states the rule as follows: "Where the party sought to be held liable acted as a principal in his own name, the case is free from difficulty; but upon written contracts, made by agents, a question sometimes arises, whether the agents are themselves liable. This question is one wholly of interpretation. Where the contract is *under seal,* and executed by the agent in his own name, for himself and his representatives, the suit must be against him only, for he is personally bound by his covenant, although he describes himself in the deed as covenanting for, and on behalf of, another. In order to make a sealed instrument executed by an agent the act of the principal, so as to render the latter liable to suit thereon, it should be executed by the agent, in the name and under the seal of the principal, and not in his own name, and the authority to seal it as the act of the principal should itself be conferred upon the agent by an instrument under seal, which should be either annexed to the deed or particularly referred to in it. All deeds or other specialties executed by attorney, should, in the body, be described as the deed of the principal, acting by the attorney duly authorized by deed, and should be signed and sealed in the name of the principal by the agent. If not executed in this way, they will ordinarily be treated as the acts of the attorney or agent, and will subject him to a personal liability upon them."

Tested by the principles of law applicable to the facts of this case there can be no doubt of Mr. Embert's personal liability under the contract, and he must look to his princi-

pal for protection. His principal is not disclosed by the contract and the Court must treat the contract as his own personal obligation. It would appear to be now perfectly well settled that when a private agent does not attempt in a sealed instrument to bind his principal and in terms imposes the obligation upon himself he incurs by such act a personal liability, and the use of the words "agent" or "attorney" in the body of the instrument, or appended to his signature, does not affect his responsibility. Such designation will be treated as mere *discriptio personarum*. It was contended that the defendant informed Mr. Manning before the execution of the contract that he represented the Lord Calvert Theatres Co. If such a defense were admissible in this case, we would be obliged to hold that it is not sufficiently supported by the evidence. Our conclusion is that the plaintiff was entitled to the relief prayed for, and that the order of the lower Court passed on the third day of March, 1915, by which the bill was dismissed must be reversed, and the case remanded in order that a decree may be passed in conformity to this opinion.

It may be proper to add that inasmuch as the contract was executed before Chapter 108 of the Acts 1914 (3rd Vol., Code, Art. 75, sec. 11A), became effective, the case is in no manner affected by the provisions of that Act.

> *Order reversed and cause remanded, the costs to be paid by the appellee.*