VAIL *v.* WALKER ET AL.

[No. 110, October Term, 1951.]

442

*Decided March 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS and MARKELL, JJ.

*Thomas G. Andrew* and *Walter R. Tabler, Jr.,* for appellant.

*J. Royall Tippett, Jr.,* with whom were *Hinkley & Singley,* on the brief, for William F. Walker, Jr., appellee.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith,* on the brief, for Rowe Manufacturing Co., appellee.

*William B. Kempton,* with whom was *William R. Semans,* on the brief, for The Great Atlantic and Pacific Tea Co., appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from judgments rendered in favor of the defendants, appellees, as the result of sustaining demurrers to appellant's third amended declaration, without leave to amend.

The declaration alleges in its first count that William F. Walker, Jr. (Walker), and/or Rowe Manufacturing Company, (Rowe), appellees, some time in March, 1949, and prior to the happening of the wrongs hereafter complained of, "did install certain overhead type doors at a building at 230 North Franklintown Road, Baltimore, Maryland;" said doors being installed by the said Walker and/or Rowe, under and by virtue of the terms of a contract between the said Walker and/or Rowe, and the owner of said building. At the time of the happening of wrongs complained of, the defendant, appellee, The Great Atlantic and Pacific Tea Company, (A. & P.), was the tenant in control and custody of said building. The plaintiff, Vail, was an employee of Peters and Peters, Inc., (Peters), who were engaged in making certain electrical installations and connections at the ceiling of said building, near said overhead doors; said installations and connections being made by virtue of the terms of a contract between Peters and the owner of said building. On or about March 29, 1949, while the said Vail was so engaged in the course of his employment with Peters, on the premises of the A. & P.,

a heavy spring, which was attached to and part of one of said doors, suddenly and without warning became detached from said door and violently recoiled so that it struck the plaintiff and caused him to fall to the floor of said building, causing the plaintiff to be seriously and permanently injured with no negligence on the part of the plaintiff contributing thereto. That said injuries were caused by the negligence of the defendants in that Walker and/or Rowe "their servants and employees failed in their duty to use reasonable care in the installation of said doors in that they failed to attach the springs on said doors securely, failed to insert cotter keys or similar devices customarily used on said doors for the purpose of securing said springs, and failed to inspect said doors adequately;" and that the A. & P. failed in its duty to use reasonable care to provide Vail a safe place in which to work in that they accepted and put into use said doors without inspecting said doors or without inspecting said doors with sufficient care to discover a defect which could have been discovered upon reasonable inspection. The equitable plaintiff, Liberty Mutual Insurance Company, under the terms of its policy with Peters was required to pay and will in the future be required to pay compensation to and medical benefits on behalf of Vail under the provision of the Workmen's Compensation Act, and is joined as an Equitable Plaintiff to the extent of said payments.

The second count alleges that the A. & P. at the time of the wrongs complained of was the tenant in custody and control of said building. On or about March 29, 1949, Vail was lawfully on said premises in the course of his employment with Peters, who was engaged in making certain electrical installations and connections at the ceiling of said building near certain overhead type doors. Peters was making said installations for the benefit of A. & P., under the terms of the contract between the owners of the building and Peters. While Vail was lawfully on said premises the heavy spring became detached as aforesaid and struck Vail. The

accident was caused by the negligence of the A. & P. in failing to provide Vail a safe place in which to work, and it failed in its duty to exercise reasonable care to have the premises in a reasonably safe condition in that it allowed the aforesaid spring to remain insecurely attached to said overhead doors.

The A. & P. impleaded the DeBoy Construction Company, (DeBoy), the owner of the building, who in turn filed a cross claim. Walker then demanded of DeBoy particulars of the cross claim. These particulars filed by DeBoy show that DeBoy entered into the written contract, dated November 19, 1948, and that the contract was signed: "ROWE MANUFACTURING COMPANY Agent (signed) WM. F. WALKER, JR."

Vail, in answer to Walker's demand for particulars, said: "However, to the best of his information and belief, Answers 1 to 6, inclusive, given by The DeBoy Construction Company to the same demands are correct." Answers 1 to 6 included a copy of the contract signed as aforesaid. It seems that DeBoy is now out of this case.

The demurrer filed by the A. & P. alleges failure to show any cause of action; that the declaration shows that the negligence of Walker and/or Rowe was the primary cause of the happening of the accident; and that it never gave any directions to Vail or his employer nor made any representations as to the condition of the doors to the plaintiff or his employer and had no duty either to install or keep the doors in repair.

A demurrer was filed by Rowe on the grounds of no liability and no breach of duty shown, and that the allegations show that the work performed by it had been completed and accepted by the owners of said building and any of its duties terminated prior to the date of injury. The demurrer filed by Walker contained the same matters as in the Rowe demurrer and in addition that the "amended declaration as simplified by particulars furnished by the Plaintiff on the demand of this Defendant shows that this defendant is not a party to the contract as alleged in the third amended declaration,

and as a matter of law, is not liable to the Plaintiff as alleged." From judgments resulting from the sustaining of all the demurrers, without leave to amend, appellant appeals.

From the allegations of the declaration and from the bill of particulars filed and accepted by the plaintiff, appellant, all the work being done on 'the premises was being done under contracts with the owner of the premises, the landlord, DeBoy. There is no allegation here that the work was inherently dangerous. A. & P. was merely the tenant and had no control over Vail, the injured employee of Peters, who was there only on account of the contract by Peters with the owner. Vail was not there on any busines with the A. & P., either as an invitee, a customer, or for other reasons in any way connected with the A. & P. He was there to make certain electrical installations and connections in the ceiling of the building near the doors by reason of a contract between Peters and the owner. There is no allegation that the A. & P. had any control by contract or in any other way over this installation, or that it attempted in any way to control that work or premises. The declaration alleges that A. & P. accepted said doors and put them in use. There is no allegation that the use of the doors by A. & P. caused the accident. The declaration and bill of particulars accepted by the appellant plainly show that A. & P. was not in any position to accept the doors as the contract was with the owner and lessor of the premises, DeBoy. It is not alleged how A. & P. accepted the doors. Was it by silence or by some act of A. & P.? "Where there is want of certainty in the allegation of a pleading, the general rule is, that the sense of the averment is to be taken more strongly against the pleader; * * * and giving to the defendants the benefit of this rule, the counts under consideration fail to state a sufficient cause of action." *Maenner v. Carroll,* 46 Md. 193, 215. *Steinwedel v. Hilbert,* 149 Md. 121, 126, 131 A. 44. *Miller v. West,* 165 Md. 245, 249, 167 A. 696. Plainly, under the allegation, A. & P. was

not in control of the building because Vail was there finishing work contracted for by the owner and over which A. & P. had no control. There is no allegation that the defect in the door was visible to A. & P., or that it had any knowledge of the defect and, as the work plainly could not be accepted by A. & P., there was no duty to the plaintiff on it to inspect the doors or the installation. Appellants rely strongly on the case of *Le Vonas v. Acme Paper Board Company*, 184 Md. 16, 40 A. 2d 43; but that case, under the allegations here stated, would place responsibility on the owner of the premises, not on the tenant in partial possession of the premises as A. & P. was here under the allegations in this bill and bill of particulars. The authorities cited by the appellant place responsibility on the possessor, occupier, or custodian of the premises. Under the allegations A. & P. did not fit any of those positions. Finding no actionable negligence alleged against A. & P., the ruling on the demurrer as to it will be affirmed.

Appellant did not declare against DeBoy, possible because it considered DeBoy the "statutory employer", but that question is not before us here. Code 1947 (Supplement), Article 101, Section 63. *State, Use of Hubert v. Bennett Building Company*, 154 Md. 159, 162, 140 A. 52; *State, Use of Reynolds v. Baltimore*, 199 Md. 289, 86 A. 2d 618.

The declaration here plainly alleges actionable negligence against Rowe and/or Walker. They demur on the theory that the declaration alleges that the doors were accepted and put in use before the accident by A. & P. which relieved them of all responsibility. *State v. Blumenthal-Kahn Electric Co.* et al, 162 Md. 84, 89, 159 A. 106; *East Coast Freight Lines, Inc. v. Consolidated Gas, Electric Light & Power Co. of Baltimore*, 187 Md. 385, 402, 50 A. 2d 246; *Marlboro Shirt Company, Inc. v. American District Telegraph Company*, 196 Md. 565, 77 A. 2d 776. As we have found that there is no allegation that the use of the doors by A. & P. caused the accident, that A. & P. was not in a position to accept

the doors, and that such acceptance was only in the province of the owner and contractor, the demurrer of Rowe will be overruled.

As to Walker, the bill of particulars filed by DeBoy, *supra,* and accepted by the appellant plainly shows that Walker signed the contract with the owner and contractor merely as agent for Rowe. The principal, being disclosed upon the face of the contract, there was no liability on Walker and its demurrer should be sustained. *Manning v. Embert,* 126 Md. 545, 548, 95 A. 64. In the argument in this Court appellant contended that Walker was really a sub-contractor of or contractor with Rowe and it was Walker's duty to install the equipment supplied by Rowe. We will sustain the demurrer as to Walker, with leave, however, to the appellant to amend as to Walker.

> *Judgment as to The Great Atlantic and Pacific Tea Company, affirmed with costs.*
>
> *Judgment as to Rowe Manufacturing Company, reversed with costs.*
>
> *Judgment as to William F. Walker, Jr., affirmed with costs, with leave to amend.*