## LEIDENFROST *v.* ATLANTIC MASONRY, INC.
## ATLANTIC MASONRY, INC. *v.* LACEY ET AL.

(Two Appeals in One Record)

[No. 367, September Term, 1963.]

246

*Decided June 9, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Joseph S. McCarthy* for Charles Leidenfrost, the appellant.

*James R. Bucher,* with whom were *Sasscer, Clagett & Powers* on the brief, for Atlantic Masonry, Inc., the appellee and cross-appellant.

No brief and no appearance for Goad & Slocum, Inc., and James Edward Lacey, the cross-appellees.

MARBURY, J., delivered the opinion of the Court.

We are presented with two appeals in one record. The appellant, Charles Leidenfrost, was an employee of Realty Investment Company (Realty), general contractor on a construction site in Prince George's County. As the result of injuries sustained when a pile of slag blocks fell on him at the site on November 29, 1961, Leidenfrost filed suit against three corporations. They were: Washington Brick Company, Inc., supplier of the slag blocks, Goad and Slocum, Inc. (Goad), which had contracted to deliver the blocks, and Atlantic Masonry, Inc. (Atlantic), masonry subcontractor which was to use the blocks. The appellee, Atlantic, in turn filed a cross-claim against Goad and a third party claim against one James Edward Lacey, the person who actually stacked the blocks.

After Washington Brick Company, Inc., had been let out of the case by the granting of directed verdicts in its favor, the original suit was submitted to the jury on the theory of *res ipsa loquitur,* and Atlantic's third party claim and cross-claim were also submitted to the jury. The jury returned a verdict awarding Leidenfrost $7100 against Atlantic only, and rendered a verdict for Lacey on the third party claim by Atlantic. Atlantic's cross-claim died with the jury's verdict in favor of Goad. Thereafter Atlantic filed motions for judgment n.o.v. which the court granted in part, but only against Leidenfrost, on the ground that he had not proved that Atlantic had exclusive control over the instrumentality causing the injury, an essential element to recovery in a suit based on *res ipsa loquitur.* Appellant Leidenfrost contends the trial court was in error in setting aside the jury's verdict. The cross-appellant, Atlantic, contends the court should have granted its motion for judgment n.o.v. as to Goad,

the cross-defendant below, and against Lacey, the third party defendant below, both cross-appellees here, though neither filed a brief or appeared.

The testimony showed the following facts surrounding the injury. Leidenfrost, assistant to the building superintendent Flynn, arrived at the job site between 8:00 a.m. and 8:30 a.m. One of his functions was that of timekeeper, and on this morning, as usual, he checked in the other three or four employees Realty had on the job. The weather was clear and cold, the ground, which had frozen the night before, had thawed. About the same time Leidenfrost reported to work Lacey delivered and stacked two piles of slag blocks at the construction site. The delivery was accepted by Richard E. Shriver, foreman for Atlantic, who told Lacey where to unload and stack the blocks. Shriver did not observe the unloading and in fact had no recollection of having seen the piles of blocks after they were stacked. He testified that Lacey came to him at some other part of the building site after the stacking and that at that time he signed a delivery ticket acknowledging receipt of the blocks on behalf of Atlantic. He added, the blocks were delivered for use by Atlantic employees and that no one else was working with this type of block, but he did not know if the men were using blocks from the stack which fell.

At approximately 10:00 a.m., Leidenfrost in the company of Flynn and Shriver, proceeded across the site on a path which passed within twenty-four to thirty-six inches of the stacks of blocks which had been placed on the site earlier that morning. Appellant testified that he casually noticed the stacks at that time and that their appearance was usual except that one pile was higher than several others which were located in the vicinity. The trio proceeded to one of the buildings under construction. Then, on instructions from the superintendent, appellant returned along the path past the same stacks. As he came abreast of them one pile gave way, and though his instinct warned him of something falling and he veered away, nevertheless he was struck by some of the falling blocks which weighed about forty-five pounds each. He testified he had not seen anyone in the immediate area of the stack just prior to the injury, nor did he brush against or touch the stack before

it tumbled. No one observed the accident, but the superintendent and Shriver both arrived shortly afterward and observed the appellant on the ground, his feet in the path and approximately a dozen blocks surrounding him. Briefly unconscious, appellant shortly regained his senses and was assisted to the office. From there he was taken in an ambulance to a hospital for treatment.

We will first consider Leidenfrost's appeal, where the issue turns squarely on the question of exclusive control. Since we have recently discussed in some detail the doctrine of *res ipsa loquitur* in *Munzert v. American Stores*, 232 Md. 97, 192 A. 2d 59, we need only state for the determination of this appeal that to succeed in a tort action based on the doctrine one of the elements which the plaintiff must prove is that the defendant had exclusive control of the instrumentality which caused the injury. Since it is conceded the other elements are satisfied, if Leidenfrost produced evidence sufficient to show exclusive control of the blocks to be in Atlantic, then he has raised a permissible inference of negligence and established a prima facie case.

At the conclusion of the trial court's charge to the jury, counsel for Atlantic asked the court to expand upon the control aspect. He wanted it made clear that the question the jury had to decide was whether the defendants, or any of them, in fact had exclusive control, and this the court did to the satisfaction of all the parties. We think the instructions were proper, and indeed, no exception was taken to them as elaborated upon.

We also think appellant proved sufficient facts to make the question of exclusive control one for the jury. It was Atlantic which ordered the blocks for the exclusive use of its employees. It was the responsibility of the foreman for Atlantic, Shriver, to accept the blocks, which he did in this case as evidenced by the receipted delivery ticket. It was he who also instructed the driver, Lacey, where to stack the blocks. Shriver testified that he was uncertain whether employees of other subcontractors, such as plumbers and steel workers, were at the site that morning, but even if they were they would not only have no right to disturb the blocks but little reason for doing so. Under the circumstances we think the jury could properly

have found that Atlantic had control of the stacks of slag blocks.

Passage of time between the act of negligence and the subsequent injury is a factor to be considered, for it increases the possibility that there was an intervening independent act of a third party which would make the doctrine inapplicable. Cf. *Joffre v. Canada Dry, Inc.,* 222 Md. 1, 8, 158 A. 2d 631; *Lee v. Housing Auth. of Baltimore,* 203 Md. 453, 462, 101 A. 2d 832; *Walker v. Vail,* 203 Md. 321, 101 A. 2d 201. Of course the plaintiff must show the condition of the instrumentality has not changed or been altered in the interim. *Armour & Co. v. Leasure,* 177 Md. 393, 9 A. 2d 572. Approximately two hours passed between the stacking of the blocks and the injury. No one other than Atlantic employees was authorized to handle the blocks, and there is nothing in the record before us to indicate that anyone else did. There was no evidence of anyone else being in the vicinity of the pile when it tumbled, and there was affirmative evidence that no trucks or heavy equipment were in operation nearby. The circumstances of the injury rule out the inference that the falling of the blocks was caused by the interference of a third person, as was the situation in the *Joffre, Lee,* and *Walker* cases cited above.

Atlantic argues that the extent of control must be so complete as to negate the possibility of an intervening cause beyond its control. However, evidence of complete control is not required. It may be established by evidence sufficient to warrant an inference of its existence, and circumstantial evidence may suffice. The plaintiff is not required in his proof to exclude remotely possible causes and reduce the question of control to a scientific certainty.

While we have said the burden of proof does not shift, nevertheless if the plaintiff has made out a prima facie case the defendant has the duty of going forward with the evidence to explain or rebut, if he can, the inference that he failed to use due care. *Potomac Edison Co. v. Johnson,* 160 Md. 33, 152 Atl. 633. In this case Atlantic chose not to offer any testimony. Even assuming the appellant's testimony standing alone presented conflicting inferences to be drawn, the choice of inference must be made by the jury, for it is the jury's function to determine the question of exculpation. *Shirks Motor Express*

*v. Oxenham,* 204 Md. 626, 635, 106 A. 2d 46; *Potts v. Armour & Co.,* 183 Md. 483, 488, 39 A. 2d 552; *Potomac Edison Co. v. Johnson, supra; Heim v. Roberts,* 135 Md. 600, 109 Atl. 329. Nor could the defendant have averted the doctrine of *res ipsa loquitur,* if otherwise applicable, by offering mere contradictory testimony, or even by showing it took every precaution to avoid the accident. *Coastal Tank Lines v. Carroll,* 205 Md. 137, 147, 106 A. 2d 98, and cases cited.

We conclude that the appellant Liedenfrost made out a prima facie case on the theory of *res ipsa loquitur,* and therefore in light of subsequent developments at the trial the jury verdict should be reinstated.

Little need be said concerning Atlantic's cross-appeal against Goad and Lacey. The only evidence produced was through the witness Righter, sales manager for Washington Brick Company, Inc. This seems to have been for the purpose of showing that Lacey was an independent contractor and of creating an inference that his act of stacking the blocks was the sole act of negligence. No other witnesses were called by Atlantic. Goad was not represented at the trial and Lacey, who did not appear but was represented by counsel, put on one witness, Shriver, and through his attorney did cross-examine Righter. We cannot say as a matter of law that the testimony compelled a directed verdict for Atlantic or justified a judgment n.o.v. in its favor. Both the cross-claim against Goad and the third party claim against Lacey were properly submitted to the jury.

> *Judgment in favor of Atlantic Masonry, Inc., appellee and cross-appellant, reversed and judgment entered in favor of appellant Charles Leidenfrost against Atlantic Masonry, Inc. in the sum of $7100, with interest from October 9, 1963; judgments in favor of cross-appellees Goad and Slocum, Inc. and James Edward Lacey affirmed. Costs to be paid by Atlantic Masonry, Inc.*