**Ersilio B. UBERTI, Appellant,**

**v.**

**DISTRICT OF COLUMBIA and Universal Paving Corporation, a corporation, Appellees.**

**No. 3774.**

District of Columbia Court of Appeals.

Argued Nov. 8, 1965.

Decided Jan. 10, 1966.

Milton Heller, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, for appellee District of Columbia.

John F. Cooney, Washington, D. C., for appellee Universal Paving Corp.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This appeal is from judgments on directed verdicts in favor of the appellees. Review of the correctness of the trial court's action requires a rather extensive statement of the evidence. The parties will be designated as they were in the trial court.

Plaintiff's testimony was that he was driving his car south on 14th Street, and after stopping for the traffic light at the intersection of 14th and F Streets, he pro-

ceeded at a moderate speed behind several other cars. At or near the south curb of F Street, plaintiff's car suddenly jolted to a halt, knocking him unconscious and injuring him. All he recalled was hearing a crash and "something from underneath hit me."

A Police officer, attached to the Accident Investigation Unit, testified that he and a fellow officer arrived promptly at the scene and found no other car had been involved in the accident. They did find a large, heavy steel plate underneath the car. The officer testified that after the car was moved he saw marks on the plate indicating it had been in contact with metal. Without objection he testified that apparently the plate had been moved slightly by passing vehicular traffic, and when the front wheels of plaintiff's car reached the forward part of the plate, the rear part in some way "hooked under his car," bringing the car to a stop. He also testified the plate had had asphalt around its edges but it had become loose, and "one part had missed the lip of the hole."

In addition to the foregoing it was established by admissions, interrogatories and otherwise, that the plate was the property of defendant, Universal Paving Corporation, which was engaged in repairing 14th Street under a contract with defendant, District of Columbia; and that the plate had been placed in the street by Universal as a temporary cover for a manhole. Universal had no record of the exact date the plate was laid, but it was established that the repair work began on June 3 and was still in progress when the accident occurred on July 9.

Plaintiff offered no other evidence as to the cause of the accident and when he rested his case, both defendants moved for directed verdicts in their favor. According to the record, plaintiff "joined in" the motion so far as it related to the District of Columbia, but opposed a directed verdict for Universal.

The court reserved its ruling until the close of all the evidence. Thereupon the defendants declined to offer any evidence, and again moved for directed verdicts. Their motion was granted and this appeal followed.

Although the District of Columbia is named as appellee here, in view of plaintiff's consent at trial to the directed verdict for the District and the statement in plaintiff's brief here that he does not contest the ruling with respect to the District, we affirm the judgment in favor of the District and consider only plaintiff's case against Universal.

■ Plaintiff relies upon the doctrine of res ipsa loquitur. Under that doctrine plaintiff, in order to escape a directed verdict, must show that the cause of the accident is (1) known, (2) in the defendants' control, and (3) unlikely to do harm unless the person in control is negligent.[1]

■ Here the testimony of the Police officer made clear that the only reasonable inference as to the cause of the accident was that a portion of the loosened plate rose sufficiently to hook or catch the underbody of plaintiff's car, thereby bringing the car to its sudden and unexpected stop. That the plate was within Universal's control is equally clear. Universal owned the plate, placed it in the street in connection with its work, and it was under Universal's control in the same manner and to the same extent as any other piece of equipment owned and used by Universal in the conduct of its work in the street. It is true the plate was laid in a public street and that Universal did not at all times have an employee attending it, and there is the remote possibility that some unauthorized person tampered with and loosened the plate. But no one other than Universal's employees had the right to tamper with the plate, and in view of its size and weight there was

---

1. See Powers v. Coates, D.C.App., 203 A.2d 425 (1964), and cases there cited.

little reason why anyone should do so.[2] The control necessary to be shown does not require the exclusion of all possibility that no one other than defendant touched or used the instrument. The plate here was as much under control of defendant as was the door spring in the Safeway case,[3] or the chair in the Annapolis Hotel case.[4]

With respect to the third element, can it be said that the plate was unlikely to do harm unless Universal was negligent. The answer must be in the affirmative. The plate was placed to make the street safe for the traveling public while the street was under repair. It was apparent to Universal that the intersection at 14th and F Streets is heavily traveled and any plate laid in that intersection would be subject to the almost constant strain of passing trucks, buses and automobiles, and unless properly and securely anchored would be a source of danger. Perhaps Universal can show that it used all reasonable care in securing the plate and in keeping it in a secure condition. All we hold is that on plaintiff's evidence he was entitled to have his case submitted to a jury.

The trial court apparently thought this case was controlled by the decision in Martin v. United States, 96 U.S.App.D.C. 294, 225 F.2d 945 (1955), but the two cases are readily distinguishable. In Martin a young girl, while walking on the Monument grounds, stepped on a manhole cover which tilted and injured her. The cover had been bolted in place in 1945 and the accident occurred five years later, but there was no evidence when or how the cover had been loosened. There is a vast difference between a permanent manhole cover, bolted in place, in an open park, where it is subject to little or no strain, and a temporary cover in a street where it is subject to constant heavy traffic. Moreover, in Martin, a Federal tort claim case, the trial court as trier of the facts heard the proof and made findings of fact. The doctrine of res ipsa never compels a verdict for a plaintiff. Here the proof was not submitted to the jury, the trier of the facts. As stated before, all we hold is that the case should have been submitted to the jury.

Judgment affirmed as to appellee District of Columbia, judgment as to appellee Universal Paving Corporation reversed with instructions to grant a new trial.

2. See Leidenfrost v. Atlantic Masonry, Inc., 235 Md. 244, 201 A.2d 336 (1964).

3. Safeway Stores v. West, 86 U.S.App. D.C. 99, 180 F.2d 25 (1950), cert. denied, 339 U.S. 952, 70 S.Ct. 840, 94 L. Ed. 1365.

4. Washington Annapolis Hotel Co. v. Hill, 84 U.S.App.D.C. 418, 174 F.2d 157 (1949).