**BANKERS MUTUAL INSURANCE COM-
PANY, et al., Appellants,**

v.

**Jack L. FRIEDLANDER, Donald A. Brown,
Gustave Ring, Trustees for Nineteenth
and M Streets Associates, Appellees.**

No. 4751.

District of Columbia Court of Appeals.

Argued Dec. 1, 1969.

Decided March 6, 1970.

James A. Willey, Washington, D. C.,
with whom James A. Crooks, Washington,
D. C., was on the brief, for appellants.

Paul J. Sedgwick, Washington, D. C.,
for appellees.

Before HOOD, Chief Judge, and KEL-
LY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Embers Restaurant is located on the
street floor of a building at 19th and M
Streets. At the time here concerned the
building was in the last stages of con-
struction and only a few tenants, including
the restaurant, had moved into the build-
ing. About 9:00 o'clock one evening the
customers of the restaurant complained of
a lack of heat. The manager of the res-
taurant called the building engineer and in
response to the call one Fadeley, the heat-
ing engineer, came to the restaurant, en-
tered the kitchen and walked over to the
electrical control panel board,[1] and while
he was standing in front of the board an
electrical explosion and fire occurred with-
in the panel board. Fadeley was injured,
and considerable damage was done to the
restaurant by heat and smoke. The res-

---

1. The board was described by one witness as a motor starter panel board with switch and
fuse units.

taurant's insurers paid the restaurant for its damages and as subrogees brought this action to recover the amount so paid. The named defendants were three individuals described as "Trustees for Nineteenth and M Streets Associates".

The basis of the complaint was that the explosion and fire was caused by the negligence of an employee of the defendants, presumably Fadeley. Plaintiffs sought to take Fadeley's deposition but were unable to find him. Trial was continued twice to permit further search for Fadeley. He could not be located and a third continuance was denied. Forced to go to trial without testimony from Fadeley, and having no witness who could testify that Fadeley had even touched the panel board prior to the explosion, counsel for plaintiffs felt compelled to rely on the doctrine of res ipsa loquitur. At the conclusion of the plaintiffs' evidence the trial court directed a verdict for the defendants.

 On this appeal the insurers claim two errors. First, it is claimed that the trial court abused its discretion in denying a further continuance in order that a further effort could be made to locate Fadeley. Two continuances, covering a period of approximately a year, having been granted, we find no abuse of discretion in denying a third continuance.

 The second error claimed relates to the directed verdict. It is argued that the evidence justified submitting the case to the jury under the doctrine of res ipsa loquitur. To come within this doctrine it was necessary for plaintiffs to establish that the cause of the accident was known, that it was in the defendants' control, and that it was unlikely to do harm unless a person in control was negligent.[2] Assuming that the other two elements

were established, we fail to find the necessary element of control.

 Proof of ownership or control of a building would ordinarily establish control of the utilities, including the panel board, but there is nothing in the record to establish ownership or control of the building by the defendants. There was no allegation to this effect in the complaint, no claim to that effect was made in the opening statement, and no evidence was adduced at trial to show any relation between the defendants and the building. Strangely enough there was no proof from whom the restaurant rented the premises or to whom the restaurant paid rent. The insurers argue that nowhere in the record is there any denial of ownership by the defendants. The answer to this is that since there was no claim in either the pleadings or proof that the defendants owned the building, there was no occasion for them to deny ownership.

The only possible evidence of ownership or control of the building found in the record is an "Employer's First Report of Accident" filed with the Bureau of Employees' Compensation. This document reported Fadeley's injury, gave his occupation as heating engineer, and stated his employer to be "19th & M Streets Associates" whose business is "renting offices as principal". Assuming that from this report it could be reasonably inferred that as Fadeley was employed by Nineteenth and M Streets Associates and had responded to a call from the restaurant to the building engineer, Nineteenth and M Streets Associates were in control of the building, there is nothing in the record to show whether Nineteenth and M Streets Associates is the name of a corporation, an unincorporated association, or a partnership, or to show anything respecting its existence as a legal entity. But as-

2. Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 137 F.2d 677 (1943); Uberti v. District of Columbia, D.C.App., 215 A.2d 766 (1966); Powers v. Coates, D.C.App., 203 A.2d 425 (1964).

suming that Nineteenth and M Streets Associates is a legal entity capable of being sued and assuming that it (or they) had control of the building, the fact is that the Associates were not sued. The individual defendants were sued as "Trustees for Nineteenth and M Streets Associates". Trustees may exist for many purposes, and there is nothing in the record to show the relationship, fiduciary or otherwise, between the Trustees and the Associates, and certainly nothing to show that the Trustees had either ownership or control of the building.

In the absence of proof by the defendants, the trial court properly ruled that the case could not be submitted to the jury under the doctrine of res ipsa loquitur.

Affirmed.