Amy ALLEN, Appellant,

v.

Leonard HILL, Appellee.

No. 91–CV–924.

District of Columbia Court of Appeals.

Argued April 20, 1993.
Decided June 3, 1993.

876

Reginia Rogers Jackson, for appellant.

Paul M. Finamore, with whom Timothy T. Smith and John L. Wood were on brief, for appellee.

Before FERREN, and KING, Associate Judges, and REILLY, Senior Judge.

KING, Associate Judge:

Appellant, plaintiff below, appeals the grant of summary judgment in favor of appellee—her dentist—claiming that the trial court erred in ruling that: (1) her first claim was barred by the statute of limitations, and (2) she was unable to present expert testimony regarding appellee's violation of the applicable standard of care for her second claim. We affirm.

1. The bridgework was performed in the area of tooth number 14; the root canal procedure was performed on tooth number 31.

2. Although the work was done in 1984, appellant apparently did not discover the alleged neg-

## I.

In her complaint, appellant claimed injuries from two separate alleged negligent acts of appellee: the first injury sustained during root canal therapy that occurred on July 3, 1987, and the second stemming from bridgework installed by appellee in early 1984.

Appellant had a root canal procedure performed on July 3, 1987. She experienced immediate and intense throbbing pain and, seeking relief from her pain, she sought additional treatment from appellee either the same day or the very next day. Dissatisfied with appellee's care, appellant sought services from a different dentist on July 8, 1987. That dentist informed her that the pain was caused by an overfill that occurred during the root canal procedure. Appellant continued to suffer pain and as a result she sought assistance, during the month of August 1987, from a third and then a fourth dentist. Both confirmed that the pain from the root canal procedure was caused by an overfill. The fourth dentist, a Dr. Patterson, also told appellant that she would need surgery to remove the Sargentine paste, a suspected carcinogen, that had allegedly been used by appellee when he performed the root canal. Appellant waited until November 1987, to have the root canal redone.

Appellant's second cause of action was based on a multi-unit bridge[1] installed by appellee in 1984.[2] In June 1988, appellant was told by her new dentist, Dr. Howard Salob, that a gap/opening in the bridgework had caused decay under that bridgework. Dr. Salob then performed a root canal and installed a new bridge. During his deposition, he testified that he could not determine whether the gap/opening occurred when the bridgework was done or whether it developed at a later time. In her Rule 26(b)(4) statement, appellant designated Dr. Neil Woods as her sole expert regarding the standard of care for the in-

ligence until her visit with Dr. Salob (the fifth dentist after Dr. Hill), in June 1988. On those facts, appellee makes no claim that the complaint filed in September 1990, was barred by the three year statute of limitations.

stallation of a bridge of the kind appellee had installed in appellant. Super.Ct.Civ.R. 26(b)(4). In his deposition, however, Dr. Woods could not express an opinion about appellant's defective bridgework, stating that the "X-rays are inadequate for me to make any determination, whether good or bad...." No other expert testimony was proffered by appellant regarding the standard of care.

## II.

■ An action of this nature must be brought within three (3) years of the time of the injury, *see* D.C.Code § 12–301(8), or within three years from the time the injured party knew or should have known of the injury. *See Bussineau v. President & Dir. of Georgetown,* 518 A.2d 423, 425 (D.C.1986); *Burns v. Bell,* 409 A.2d 614, 617 (D.C.1979). In *Bussineau,* this court announced a three-part legal test stating that "for a cause of action to accrue where the discovery rule is applicable, one must know ... (1) of the injury, (2) its cause in fact and (3) of some evidence of wrongdoing." *Bussineau, supra,* 518 A.2d at 425. Appellant filed her complaint in September 1990, more than three years after her visit to Dr. Patterson, but within three years of the root canal procedure performed in November 1987.

■ Based on the facts presented, we conclude that appellant's first cause of action accrued no later than August 1987, when she was informed by Dr. Patterson, the fourth dentist that examined her during that period, that she needed surgery to remove the Sargentine paste allegedly used by appellee. At that time, appellant knew of the full extent of her injury—the overfill and the alleged use of a carcinogen. Her decision to delay surgery until the following November does not alter the fact that the three year statute of limitations clock had begun to run in August when she became aware of the cause of her injury and knew that it was the result of an alleged wrongdoing by Dr. Hill. Since she did not file her claim until September 10, 1990, we hold the trial court did not err in ruling that appellant's claim was barred by the three year statute of limitations.

## III.

In addition, appellant claims the trial court erred in granting summary judgment on her second cause of action because appellant failed to produce an expert witness. In granting summary judgment, the trial judge held that in order to prevail in a suit for dental malpractice, the "plaintiff must present the testimony of an expert on the question of the defendant's violation of the applicable standard of care because a lay juror would not be able to decide that issue unaided by expert testimony."

■ The familiar standard for summary judgment is that it should be granted only when there are no material facts at issue and when it is clear that the moving party is entitled to judgment as a matter of law. *See Maddox v. Bano,* 422 A.2d 763, 764 (D.C.1980). Moreover, the moving party has the burden to prove the absence of any genuine issue of fact. *See Holland v. Hannan,* 456 A.2d 807, 815 (D.C.1983). When reviewing the trial court's order granting summary judgment, we make an independent review of the record and determine whether the trial court properly concluded that the plaintiff did not meet her burden by setting forth specific facts demonstrating a genuine issue for trial. *See Hill v. District of Columbia,* 345 A.2d 867, 869 (D.C.1975).

■ In a medical malpractice action, the plaintiff must establish: (1) the applicable standard of care; (2) a deviation from that standard of care by the defendant; and (3) a causal relationship between that deviation and the plaintiff's injury. *District of Columbia v. Anderson,* 597 A.2d 1295, 1297 (D.C.1991) (citation omitted). In meeting this burden, the use of expert testimony is required since the subject is "not likely to be within the common knowledge of the average layman." *District of Columbia v. Barriteau,* 399 A.2d 563, 569 (D.C.1979).

■ We are satisfied that the trial court properly concluded that this type of dental

malpractice is not "within the realm of common knowledge and everyday experience," *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 200 (D.C.1991), and that by failing to produce expert testimony, the appellant failed to bear the "burden of proving negligence by a preponderance of the evidence." *Id.* at 199. Moreover, we are not persuaded by appellant's argument that, at trial, she would be able to establish her case through hypothetical questions to her expert, Dr. Woods,[3] or by questioning "Dr. Hill and her treating dentists." Because appellant failed to properly support her claim with the required expert testimony, the trial court did not err in granting summary judgment.

*Affirmed.*

---

**3.** Appellant has never made a proffer or presented an affidavit regarding any anticipated testimony from Dr. Woods on the question of violation of the standard of care.