Tihitina WOLDEAMANUEL, Appellant,

v.

GEORGETOWN UNIVERSITY HOSPITAL, Appellee.

No. 95–CV–962.

District of Columbia Court of Appeals.

Argued Nov. 19, 1997.

Decided Dec. 30, 1997.

---

Karen E. McDonald, Washington, DC, for appellant.

Paul C. Rauser, Washington, DC, for appellee. Robert P. Watkins, Washington, DC, was on the brief for appellee.

Before TERRY, KING and RUIZ, Associate Judges.

TERRY, Associate Judge:

In this medical malpractice case, appellant sought damages from Georgetown University Hospital ("the hospital") for its failure to diagnose and treat her skin condition, which was identified—at various times and by various doctors—as eczema, vitiligo, lupus, idiopathic guttate hypomelanosis, and (the ultimate diagnosis) post-inflammatory hypopigmentation. A doctor employed by the hospital prescribed a steroid cream; six months later, another doctor at the hospital prescribed a different steroid cream. Appellant eventually went to another medical facility and there received different treatment.

After extended litigation over discovery, the hospital filed a motion for summary judgment; appellant filed an opposition two weeks later. The trial court, in a thorough and detailed twenty-page order, granted the hospital's motion. Appellant noted this appeal; we affirm.

"The plaintiff in a medical malpractice case bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Meek v. Shepard,* 484 A.2d 579, 581 (D.C.1984) (citations omitted); *accord, e.g., Allen v. Hill,* 626 A.2d 875, 877 (D.C.1993); *Psychiatric Institute of Washington v. Allen,* 509 A.2d 619, 623–624 (D.C.1986). Each of these elements must usually be proved by expert testimony. *See Cleary v. Group Health Ass'n,* 691 A.2d 148, 153 (D.C.1997); *Allen v. Hill,* 626 A.2d at 877; *Psychiatric Institute,* 509 A.2d at 623–624.

The record reveals that in opposing the hospital's motion for summary judgment, appellant presented *no evidence whatever,* either expert testimony or any other form of proof, to establish what the standard of care was or how it was allegedly breached by agents or employees of the hospital.[1] Appellant relies on a single sentence in an "affidavit" by Dr. Benjamin and a statement in her own Rule 26(b)(4) statement[2]—which was filed several months after it was originally due—purporting to summarize the expected testimony of Dr. Provost. But neither of these documents is sufficient to defeat the hospital's motion for summary judgment, for neither meets the requirements of Super. Ct. Civ. R. 56(e).[3] Each is, at best, a conclusory statement[4] unsupported by any specific facts. It is not enough for a witness (or prospective witness, as in this case) simply to say that the relevant standard of care was not met; the witness must state, *in addition,* what that standard was and how the defendant's conduct fell short of it. No such showing was made here. *See Ferguson v.*

*District of Columbia,* 629 A.2d 15, 19–20 (D.C.1993). Nothing in any of appellant's other proffered documents, even assuming they were properly considered in opposition to the motion for summary judgment, was sufficient to establish at least these two essential elements of her case.[5] *See Allen v. Hill,* 626 A.2d at 878. As the trial court stated in its order, "conclusory allegations are insufficient to raise a genuine issue of fact."

We are in substantial agreement with the trial court's analysis and find no error in its ruling. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–325, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). The order granting summary judgment for the hospital is accordingly

*Affirmed.*[6]

---

1. We do not consider whether there was sufficient evidence that the alleged breach was the proximate cause of appellant's injuries. That is a somewhat more complex question which would require us to resolve other issues that need not be addressed, given the failure of proof on the first two elements of appellant's malpractice claim.

2. Super. Ct. Civ. R. 26(b)(4) provides in part:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Compliance with this rule is generally achieved by filing what has come to be known as a "Rule 26(b)(4) statement," which summarizes the anticipated testimony of each expert whom the filing party intends to call as a witness.

3. Super. Ct. Civ. R. 56(e) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's*

*pleading,* but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts showing that there is a genuine issue for trial.* If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This section of the rule is identical to its federal counterpart, Fed.R.Civ.P. 56(e).

4. What appellant characterizes as an affidavit from Dr. Benjamin is in the record, but it is not sworn, and hence it is not an affidavit. "[S]tatements by experts which are not made under oath are insufficient to defeat a motion for summary judgment." *Potts v. District of Columbia,* 697 A.2d 1249, 1252 (D.C.1997) (citation omitted). As for the Rule 26(b)(4) statement, we agree with the hospital that such a statement does not satisfy the requirements of Rule 56, which governs motions for summary judgment.

5. A third element, of course, must also be proved. In a medical malpractice case such as this, it is not enough for the evidence to show that the treatment caused the plaintiff's injury; what must be established is that *the breach of the standard of care* was the proximate cause of the injury. *See Cleary, supra,* 691 A.2d at 153; *Psychiatric Institute, supra,* 509 A.2d at 623–624.

6. In light of our holding that summary judgment was properly granted, the other issues raised by appellant are moot.