**Clementine MITCHELL, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Clementine MITCHELL, Appellee.**

**Nos. 18972, 18973.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1965.

Decided June 3, 1965.

Mr. Francis L. Casey, Jr., Washington, D. C., with whom Mr. Pierre J. La-Force, Washington, D. C., was on the brief, for appellant in No. 18,972 and appellee in No. 18,973.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee in No. 18,972 and appellant in No. 18,973.

Before DANAHER, TAMM, and LEVENTHAL, Circuit Judges.

TAMM, Circuit Judge:

Clementine Mitchell brought a tort action in the United States District Court against the District of Columbia to recover damages for injuries growing out of a fall on a public sidewalk. During the course of the trial, the District of Columbia made timely motions and objections which properly placed before this

---

court the issues represented by the appeals. The jury returned a verdict for Clementine Mitchell, and the District of Columbia timely moved for judgment *non obstante veredicto* or for a new trial. The District Court Judge in a detailed memorandum opinion granting the District of Columbia's motion for judgment *non obstante veredicto,* stated that his action was taken for two reasons:

"(a) No showing of breach of duty, i. e., no showing of failure to exercise reasonable care which resulted in a dangerous condition which proximately resulted in plaintiff's fall and (b) neither actual nor constructive notice to the District of Columbia of the alleged dangerous condition."

On appeal, appellant Clementine Mitchell seeks in case No. 18,972 to reinstate the jury verdict, arguing that the trial court erred in granting appellee's motion for judgment *non obstante veredicto* by (1) considering the weight of the evidence in ruling on the motion for judgment n. o. v., (2) by granting appellee's motion for judgment n. o. v., when reasonable men could find that appellee was liable; (3) over-ruling the jury and holding that the defect in question did not constitute actionable negligence where there was ample evidence to support the jury's determination that the appellee was negligent; and (4) over-ruling the jury and holding that appellee did not have notice of the dangerous condition, where there was ample evidence to support the jury's determination that the appellee had such notice.

The trial judge did not rule upon the District of Columbia's alternative motion for a new trial, which was filed with its motion for judgment n. o. v., and accordingly the District of Columbia, as appellant in case No. 18,973 seeks relief from so much of the trial court's order "as fails to grant said defendant's alternative motion for a new trial."

This court has carefully reviewed the entire record in this case. Since the court's ruling upon the fourth point of appellant Clementine Mitchell's grounds of appeal is dispositive of the case, the court in the interest of brevity confines its opinion to that issue.

It is established law in this jurisdiction that before the District of Columbia may be held liable for damages in actions of this kind, it must be established that the District of Columbia had actual or constructive notice of the alleged dangerous condition.

The learned trial judge in his memorandum order granting the judgment n. o. v. in favor of the District of Columbia stated:

"Now as to the question of notice:

"There is no evidence that the District created the alleged defect. There is no evidence that the District had actual notice prior to this fall; indeed there is no contention that it did. Hence, for the District to be held liable the evidence must be such as to permit of a conclusion that the District had constructive notice prior to the fall. In order for such a conclusion to be justified the evidence must show that in the exercise of reasonable care the District should have discovered the alleged dangerous condition. Furthermore, it must be shown that after such required discovery a reasonable time for the correction of such condition had elapsed without action by the District.

"There is no evidence as to when, or how, or by whom, the complained-of condition was brought about. Hence there could be no valid determination as to how long it had existed. There was no testimony of any character, certainly none of a probative nature, on which the jury could conclude the District had constructive notice. As to the claimed appearance of rust, no one, such as a metalurgist or his like, was called to testify as to the time required for rust to manifest itself on metal of the character here in question. It follows, therefore, that no determination could be properly made as to whether the District had had a

reasonable time to correct the alleged condition prior to the accident.

"There was no showing of any previous accident at the spot in question, nor any report of a defective condition there.

"Plaintiff and two relatives, although standing in the immediate area for a period varying, according to the testimony, from one to five minutes, observed nothing unusual. It is significant that while this is a heavily traveled area, the character and size of the alleged condition were apparently not such as to make such condition obvious. Its shape and size, although stated differently by the respective witnesses, nevertheless lead to a fair conclusion that the measurement of the area complained of was about the size of a silver dollar or less (see Plaintiff's Exhibit 5).

"The only testimony from which any inference at all as to the duration of the condition complained of could be made was that there was some rust or that the metal was rusty. The presence of dirt or dust without more could by no stretch of the imagination be deemed to permit of a conclusion that the alleged condition had existed for *any* period—certainly not such as would permit a finding that the District had not functioned within a reasonable time."

█ This court is of the opinion, upon the basis of the entire record before the court, that there was, in fact, no evidence to establish that the District of Columbia had actual or constructive notice of the defect and that, consequently, the trial judge's ruling upon this point was proper and completely supported by the record.

Although the appellant Clementine Mitchell cites and relies upon the cases of District of Columbia v. Boswell, 6 App.D.C. 402 (1895), District of Columbia v. Payne, 13 App.D.C. 500, 505 (1899), and Potomac Elec. Power Co. v.

Hemler, 47 App.D.C. 34, 42 (1917), the court observes that the factual and resulting evidentiary conditions in those cases are readily distinguishable from the facts and evidence in the present case.

The judgment of the District Court in case No. 18,972 is affirmed.

█ Since the court affirms the action of the trial court in No. 18,972, the appeal of the District of Columbia in case No. 18,973 becomes moot, and this case is, accordingly, dismissed.

No. 18,972—affirmed.

No. 18,973—dismissed.