**Eloyce R. HACKETT, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 4893.**

District of Columbia Court of Appeals.

Argued Jan. 12, 1970.

Decided April 20, 1970.

Shellie F. Bowers, Washington, D. C., with whom Carlisle E. Pratt and Theodore R. Newman, Jr., Washington, D. C., were on the brief, for appellant.

Leo N. Gorman, Asst. Corp. Counsel, for appellee. Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Princ. Asst. Corp. Counsel, Richard W. Barton and Lewis D. Clarke, Asst. Corp. Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

HOOD, Chief Judge.

Appellant, while proceeding across a crosswalk, stepped on a manhole cover and fell partially into the manhole. She brought suit against the District of Columbia, the owner of the manhole. The trial court sitting with a jury directed a verdict against appellant at the close of her case. Thus our review is concerned with whether, on a most favorable view of appellant's evidence, "there is any [evidence] upon which a jury could properly find a verdict for the party upon whom the onus of proof is imposed." Baker v. D. C. Transit System, Inc., D.C.App., 248 A.2d 829, 831 (1969).

At trial, in addition to showing the happening of the accident in question, appellant offered evidence of a like accident involving the same manhole, which had occurred about seven months previous. Testimony was given that, at that time, the manhole cover was "smaller than it should have been", and that a police officer was informed of the accident and the cover's condition. Appellant relies here, as in the trial court, on two theories: negligence and res ipsa loquitur.

As to the first theory, it has long been the law that the District of Columbia is not an insurer of safety in its streets. District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472 (1890). "Its liability sounds in negligence, such negligence being imputed from a failure to perform a duty." Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364, 366 (1956). In order to recover for a breach of duty in this type of case, a dangerous condition must exist, and the District must have notice of the defect, so that the danger can be eliminated. District of Columbia v. Woodbury, *supra;* Jones v. District of Columbia, *supra.*

Appellant urges that the previous accident and the report of it to a police officer put the government on notice of the existence of a dangerous condition. Previous accidents at the same place and from the same cause are admissible to show notice of a dangerous condition. District of Columbia v. Arms, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618 (1883); Hecht Company v. Jacobsen, 86 U.S.App.D.C. 81, 85, 180

F.2d 13, 17 (1950); Dunn v. Evening Star Newspaper Company, D.C.App., 232 A.2d 293, 297 n.8 (1967). A previous accident in and of itself does not show a present defective condition. In order to recover from the District, there must be notice, either actual or implied, of the dangerous condition at the time the accident happened. But here there was no proof that appellant's accident and the previous accident resulted from the same manhole cover or that the same condition existed at the time of both accidents. Therefore, notice of the previously existing dangerous condition was not proof of notice of the existence of a dangerous condition at the time of appellant's fall. In the absence of proof of notice of the defective condition, liability for negligence cannot be imposed on the District.

Appellant asserts that it was still error to grant the directed verdict, because the evidence justified submission of the case to the jury under the doctrine of res ipsa loquitur. The doctrine permits but does not compel an inference of negligence by the trier of fact. Lathon v. Hadley Memorial Hospital, D.C.App., 250 A.2d 548, 549 (1969). To benefit from this permissible inference, the evidence must show that the cause of the accident was known, that it was in defendant's control, and that it was unlikely to do harm unless defendant was negligent. Washington Loan & Trust Company v. Hickey, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679 (1943); Powers v. Coates, D.C.App., 203 A.2d 425 (1964).

The doctrine is not applicable in this case. The District of Columbia does not exercise exclusive control over this type of manhole cover, for the opportunity for intervening causes is too great. Martin v. United States, 96 U.S.App.D.C. 294, 297, 225 F.2d 945, 948 (1955) (by implication); Morrow v. City of Harlan, 344 S.W.2d 401, 402 (Ky.1961). Cf. Uberti v. District of Columbia, D.C.App., 215 A.2d 766 (1966).[1]

That the doctrine of res ipsa loquitur is not applicable to the District of Columbia in this type of case is further compelled by the requirement of notice. For when the District must receive notice to be held liable, as it must in cases concerning the general condition of streets and sidewalks, the concept of exclusive control is incompatible.

Affirmed.

---

1. Appellant's reliance on this case is misplaced. The type of cover and its use (a sizable and heavy "temporary" cover used in the course of a street repair) make the case readily distinguishable. Further, res ipsa loquitur was applied in the case against a private contractor only.