**The DISTRICT OF COLUMBIA, Appellant,**

v.

**Marie S. JONES, Appellee.**

**No. 5126.**

District of Columbia Court of Appeals.

Argued April 14, 1970.

Decided May 22, 1970.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

James A. Willey, Washington, D. C., for appellee.

Before FICKLING and KERN, Associate Judges, and QUINN, Associate Judge, Retired.

FICKLING, Associate Judge.

One early morning in mid-January 1964, Mrs. Jones was standing on a snowy street

corner waiting for a bus as she had done at this same corner every workday for 5 years. When the bus arrived, and as she approached it to board, she stepped on a manhole cover which slid off of the manhole. She fell partially into the manhole, injuring her leg.

Two photographs of the street corner taken 2 months after the incident were admitted into evidence. Mrs. Jones identified the hole into which she fell, covered by what appeared to be a convex metal cover slightly raised above the level of the surrounding sidewalk.

Also admitted into evidence were the government's answers to two interrogatories which were to the effect that the underground vault was constructed in about 1897 and had been annually inspected for determination of rental fees and structural safety from 1957 to 1967.

As evidence of a reasonable standard of care in maintaining sidewalks in a safe condition, Section 3–362(b) (4) (aa) of the 1961 District of Columbia Building Code[1] was also admitted into evidence. Klein v. District of Columbia, 133 U.S.App.D.C. 129, 409 F.2d 164 (1969).

The government's motion for a directed verdict at the close of Mrs. Jones' case was denied; it presented no evidence and renewed its motion. It was again denied and, after deliberation, the jury reached a verdict for Mrs. Jones.

From the denial of the government's motion for judgment notwithstanding the verdict, this appeal is prosecuted.

The trial court, while denying the motion for a directed verdict, acknowledged that Mrs. Jones' evidence was "very, very thin; extremely thin." Commendably, it chose to reserve the question of whether or not Mrs.

Jones made out a prima facie case and submitted it to the jury. Resnick v. Wolf & Cohen, Inc., D.C.Mun.App., 49 A.2d 809, 811 (1946).

After a careful examination of the record, however, we are of the view that the court erred in not granting the government's motion for judgment n. o. v.

■ In reviewing the denial of the motion for judgment n. o. v., we apply the same standard as is used in reviewing a motion for a directed verdict. Vaughn v. Neal, D.C.Mun.App., 60 A.2d 234 (1948). That is, if in "viewing the evidence and all inferences reasonably deducible therefrom in a light most favorable to the opponent of the motion,"[2] no man could reasonably reach a verdict for Mrs. Jones, the motion should have been granted. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944).

■ At the outset, nowhere in the record is there a scintilla of evidence of what caused the cover to slip out of place, although it is suggested by Mrs. Jones that the cover's nonconforming (convex) shape, in some unspecified way, was to blame. There is no evidence that this shape caused it to slip off the manhole. Absent any evidence of a defect which could have proximately caused her to fall into the manhole, a judgment n. o. v. should have been granted. Cf. Hackett v. District of Columbia, D.C.App., 264 A.2d 298 (decided April 20, 1970); Taylor v. D. C. Transit System, Inc., D.C.App., 258 A.2d 455 (1969).

Since there was no evidence of what the dangerous condition was that caused Mrs. Jones' injury, there could be no evidence of notice of that condition to the government. The lack of evidence of notice of a dangerous condition to the District is also fatal

---

1. This section provides in pertinent part: All such [vault] coverings shall be so constructed as to be flush with pavement and have a roughened surface to provide security to persons passing over them.

2. Vaughn v. Neal, D.C.Mun.App., 60 A.2d at 235–236.

to appellee's case.[3] Mitchell v. District of Columbia, 120 U.S.App.D.C. 390, 347 F.2d 484 (1965).

In view of the foregoing, we are required to reverse and remand with instructions to enter judgment n. o. v. for the government.

Reversed with instructions.

---

3. Contrary to appellee's suggestion at argument, there is no evidence that the manhole cover is of the type that is required to be bolted in order that it remain secure.

And even if bolting were required, there is no evidence of how long an unbolted condition existed, if at all, in order to show constructive notice to the District.