**Francis X. PORTER, Appellant,**

v.

**John L. KAVAKOS, t/a Busy Bee Lunch, and Angelo A. Puglisi, and Nathan Poole, and Government of the District of Columbia, a municipal corporation, Appellees.**

**No. 5125.**

District of Columbia Court of Appeals.

Argued May 12, 1970.

Decided June 30, 1970.

---

7. *See* Greene v. United States, 105 U.S. App.D.C. 334, 266 F.2d 932 (1959).

8. *Cf.* Williams v. United States, D.C.Mun. App., 101 A.2d 843 (1954).

Milton M. Burke, Washington, D. C., for appellant.

Donald J. Caulfield, Washington, D. C., with whom Bond L. Holford, Brentwood, Md., was on the brief, for appellees Kavakos, Puglisi and Poole.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee Government of the District of Columbia.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This appeal presents the sole question whether a plaintiff may rely on the doctrine of res ipsa loquitur to establish liability when he was injured on a public sidewalk by stepping on a manhole or coalhole cover which broke in half under his weight. The action was brought against the District of Columbia, the owner of the abutting property, and the tenant who occupied the building thereon which was served by the vault beneath the cover. The trial judge held the doctrine inapplicable and directed a verdict for the defendants after plaintiff's case. We affirm.

The facts are that when plaintiff stepped on the cover, while walking on the sidewalk, it broke and his right leg went down. His left leg remained outside and he was thus caught at the crotch, receiving injuries. The cover broke into two pieces and fell to the bottom of the subterranean room. Within a matter of a few minutes plaintiff contacted his attorney and then took a taxi to see his doctor.

It was shown that, consistent with the applicable regulation, the District of Columbia regularly inspected the cover to insure that it was flush with the sidewalk surface. It was also shown that the vault was privately used for deliveries and trash disposal, but that use of the cover for coal deliveries had been abandoned, presumably when coal was no longer used as heating fuel. Plaintiff was unable to show that an inspection was required of or made by the District of Columbia to determine the structural condition of the metal cover. Plaintiff offered no evidence as to the condition of the cover immediately after the incident but did testify that he earlier noticed nothing wrong with it.

In ruling that plaintiff could not rely on the inference of negligence available through the doctrine of res ipsa loquitur, the trial judge observed that

" * * * the lid was available immediately after this accident, and while it may have been a burden upon plaintiff, * * * [he] could have had it examined and determined how long it had been cracked, [and] the nature of the crack. * * * " (Tr. 91)

He went on to observe that since the sidewalk was in constant use by the public, the absence of exclusive joint control over the cover left the plaintiff without the benefit of the doctrine. No such proof was forthcoming as plaintiff's complaint was expressly based upon the doctrine of res ipsa loquitur.

■ We have recently held in Hackett v. District of Columbia, D.C.App., 264 A.2d 298 (1970), that the doctrine of res ipsa loquitur does not apply to the District of Columbia in a case where a manhole cover turned as it was stepped on. We stated in *Hackett*:

"To benefit from this permissible inference, the evidence must show that the cause of the accident was known, that it was in defendant's control, and that it was unlikely to do harm unless defendant was negligent." Hackett v. District of Columbia, *supra* at 300. (Citations omitted.)

We went on to decide that as to public space the "opportunity for intervening causes is too great" to conclude that the District of Columbia had exclusive control and that the requirement of notice of defects concerning the general condition of streets and sidewalks is incompatible with the prerequisite of exclusive control. We think these same observations apply with equal force on the facts of this case to the

liability of the abutting private parties. Phrased somewhat differently, but still consistent in approach with *Hackett*, we think it cannot be said as a matter of law that the occurrence complained of would not ordinarily have happened in the absence of negligence of the abutting property holders. *Cf.* Raza v. Sullivan, U.S.App.D.C. (No. 23,420. decided June 12, 1970).

■ Perhaps a partial and corroding crack finally gave way when the last foot pressed down. Such a crack may or may not have been apparent on inspection. Perhaps a heavy truck recently rolled over the cover and left it weakened. Possibly something heavy was dropped on it or it was jarred in some other way. There are many possible explanations for the breaking of the cover. Under such circumstances it can hardly be said that the cover "was in defendant[s'] control, and that it was unlikely to do harm unless the defendant[s were] negligent." Hackett v. District of Columbia, *supra*. Thus, aside from considerations of control,[1] which militate against appellant's contention, we conclude as a matter of law that there were sufficient possible causes beyond the abutting property holders' knowledge or control such that their negligence may not be inferred from the mere happening of the event. *Cf.* District of Columbia v. Jones, D.C.App., 265 A.2d 594 (decided May 22, 1970), where this court held that a judgment n. o. v. should have been granted the District of Columbia in the absence of "any evidence of a defect which could have proximately caused [plaintiff] to fall into the manhole * * " when the cover slipped out of place as it was stepped upon.[2] Where, as here, the

---

1. In Safeway Stores, Inc. v. West, 86 U.S. App.D.C. 99, 180 F.2d 25 (1950), a coil spring attached to a door broke and injured a customer. Aside from dealing primarily iwth the issue of exclusive control rather than whether harm was likely without negligence, we think the case, unlike this one, did not present facts laden with potential independent causes inconsistent with control or actual or constructive notice.

2. We are not controlled in our decision by Uberti v. District of Columbia, D.C.App., 215 A.2d 766 (1966), because that case dealt with a temporary steel plate placed over a hole in the street. The cover shifted within a few days after being

possibility of independent causes, in the context of ordinary experience, is sufficient to negate negligence of the property holders as the ordinary cause of the injury, the doctrine of res ipsa loquitur was not applicable. *See* Martin v. United States, 96 U.S.App.D.C. 294, 297 n. 3, 225 F.2d 945, 948 n. 3 (1955), where the court observed, "It might well have been that some unauthorized person removed the bolts which secured the lid of the manhole." *See also* Annot., 174 A.L.R. 607, 611–14 (1948); Annot., 31 A.L.R.2d 1334 (1953).

We do not here decide as a general rule whether the doctrine of res ipsa loquitur applies as to abutting property holders in so-called "manhole" cover cases. We think a better approach is to consider each case on its facts to determine whether the evidence presented is sufficient to circumstantially[3] raise an inference of negligence of private property holders.

The judgment directing a verdict in favor of defendant is

Affirmed.

placed and we concluded that the possibility that someone tampered with and loosened it was "remote". Because of its size and weight and expected heavy use we also held that "unless properly and

securely anchored [it] would be a source of danger." *Id.* at 768.

3. Prosser on Torts § 39 (3d ed. 1964).