Norman E. MIXON, Appellant

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** Appellee.

No. 07–CV–1010.

District of Columbia Court of Appeals.

Argued Sept. 10, 2008.
Decided Oct. 23, 2008.

Norman E. Mixon, appellant pro se.

Gerard J. Stief, Associate General Counsel, Washington Metropolitan Area Transit Authority, with whom Carol B. O'Keeffe, General Counsel, and Mark F. Sullivan, Deputy General Counsel, were on the brief, for appellee.

Before NEBEKER, TERRY, and SCHWELB, Senior Judges.

TERRY, Senior Judge:

Appellant, Norman Mixon, fell and was injured in a subway station in downtown Washington. He sued the Washington Metropolitan Area Transit Authority (WMATA) for negligence, seeking to recover damages for his injuries. The trial court granted WMATA's motion for summary judgment, and appellant noted this appeal. We find no error and, accordingly, affirm the judgment of the trial court.

I

While descending a flight of stairs in the Metro Center subway station on Novem-

ber 14, 2001, appellant fell and injured himself. At the time of the fall, appellant was en route from his place of employment in downtown Washington to his home in suburban Virginia. As he was descending the stairs to reach the lower level of the station, he lost his footing on one of the bottom steps, fell forward, and struck his head on the side of a train, which was standing on the track. He testified in his deposition that "something" on the stairs caused him to slip.[1] Bystanders and WMATA employees assisted appellant until emergency medical personnel arrived and took him to George Washington University Hospital. Appellant suffered a laceration of the eyelid requiring stitches, some bruising and lacerations to his arms and legs, as well as other injuries.

Appellant filed a complaint alleging that his injuries were the result of "negligence or willful or wanton misconduct of [WMATA] who failed to act with due care in [its] management of the Metro facility at the Metro Center subway station." In due course, after discovery, WMATA filed a motion for summary judgment, and appellant filed a response. The trial court granted WMATA's motion in a brief order, stating that appellant "cannot prove a *prima facie* case of negligence against [WMATA]." The court observed in a footnote that appellant, in his opposition to the motion,

> asserts, for the first time, that ... he now recalls that he slipped on grease and/or oil left on the stairs following maintenance work by defendant and/or its agents.... This claim, however, is not presented in the form of evidence

and contradicts all the evidence before the Court showing that plaintiff is unsure what alleged dangerous condition caused him to slip and fall.

This appeal followed.

## II

Summary judgment is properly granted when the pleadings and other materials on file demonstrate that there is no genuine issue of material fact to be resolved at a trial. *See, e.g., Urban Masonry Corp. v. N & N Contractors, Inc.,* 676 A.2d 26, 30 (D.C.1996); *Burch v. Amsterdam Corp.,* 366 A.2d 1079, 1083–1084 (D.C.1976). A defendant who moves for summary judgment may meet his burden of production by showing an absence of proof on one or more essential elements of the plaintiff's claim. The burden then shifts to the non-moving party—in this case, appellant—to present evidence showing the existence of genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). And it must indeed be *evidence.* The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must submit, in response to the motion, "specific facts showing that there is a genuine issue for trial." Super. Ct. Civ. R. 56(e). "Mere conclusory allegations on the part of the non-moving party are insufficient to stave off the entry of summary judgment." *Musa v. Continental Insurance Co.,* 644 A.2d 999, 1002 (D.C. 1994).

Appellant first argues that the trial court denied him his Seventh Amendment

---

1. Appellant stated in his deposition:
   I remember going down the steps. I ... stepped off the bottom steps and slipped on something. I remember falling towards the train and hitting the train, and that's all I remember. I don't remember—it knocked me out.

There was some uncertainty about whether appellant "slipped" or "tripped," but for the purposes of this appeal it makes no difference.

right to a trial by jury by granting summary judgment in favor of WMATA.[2] His argument is, in essence, a facial challenge to the constitutionality of the summary judgment procedure. But the constitutionality of summary judgment has long been settled. *See, e.g., Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944) ("the purpose of the [summary judgment] rule is not to cut litigants off from their right of trial by jury *if they really have issues to try* " (emphasis added; citations omitted)); *see also Fidelity & Deposit Co. of Maryland v. United States,* 187 U.S. 315, 320, 23 S.Ct. 120, 47 L.Ed. 194 (1902) (stating that a summary judgment-type procedure then in effect in the District of Columbia did not deprive the plaintiff of "the right of trial by jury," but rather spared the court from "frivolous defenses").

■ Summary judgment is simply a procedural tool which enables courts to dispose of cases that present no jury-triable issues without the time and expense of a jury trial. *See Nader v. de Toledano,* 408 A.2d 31, 42–43 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). It is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules [and the Superior Court rules] as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (citations omitted). Thus, when no genuine issue of fact exists for resolution by the trier of fact, no jury trial is required by the Seventh Amendment. *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 221 n. 12 (4th Cir.) ("Where summary judgment is properly granted, no Seventh

Amendment issue arises"), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). In this case the trial court had to decide whether there was any material issue of fact to be determined by a fact-finder. Because (as we shall explain) we find no error in the trial court's ruling that there was no such material issue of fact, it necessarily follows that appellant did not suffer injury to any interest protected by the Seventh Amendment.

### III

■ Appellant argues that, in any event, the trial court erred when it granted summary judgment in favor of WMATA because genuine issues of material fact existed for jury resolution with regard to WMATA's negligence. He contends that WMATA employees left grease or oil on the station stairs, that WMATA was aware or should have been aware of this hazardous condition, and that it negligently failed to remedy the condition. He offered to prove WMATA's negligence both directly and by a theory of *res ipsa loquitur* causation.

■ "The elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *District of Columbia v. Cooper,* 483 A.2d 317, 321 (D.C.1984) (citations omitted). To avoid summary judgment, the plaintiff in a negligence case such as this "must produce evidence from which a reasonable juror may conclude that a certain hazard caused the injury *and* that the defendant had actual or constructive notice of that hazard." *Marino-*

**2.** "Although not incorporated to the states through the Fourteenth Amendment, the Seventh Amendment, 'is, like other provisions of the Bill of Rights, fully applicable to courts established by Congress in the District of Columbia.'" *Kudon v. f.m.e. Corp.,* 547 A.2d 976, 978 (D.C.1988) (citation omitted).

*poliski v. Irish,* 445 A.2d 339, 340 (D.C. 1982) (emphasis in original; citations omitted). The trial court in this case correctly concluded that appellant could not meet either part of this two-part burden of proof.

Even if we assume that appellant slipped on some kind of substance, there was no evidence whatever to prove that WMATA was responsible in any way for its being on the stairs, and thus no evidence that any negligence by WMATA caused appellant's injuries. Appellant conceded in his deposition that he had no idea what the supposed substance was, how long it had been on the stairway, or how it got there, and that he did not see it before, during, or after his fall. Moreover, a bystander who witnessed appellant's fall did not notice any foreign substance on the stairs.[3] Although appellant asserted in his opposition to the motion for summary judgment, and continues to assert in his brief, that the slippery substance was lubricating grease or oil left by WMATA maintenance workers, there was no actual evidence before the trial court—such an as affidavit or sworn deposition testimony—that any grease or oil was present (as the trial court recognized in the footnote quoted at page 57, *supra*). His assertion to that effect was nothing more than speculation, and thus it was insufficient to defeat the motion for summary judgment. *See Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C.1991) (allegations not in the form of an affidavit or sworn statement do not create a genuine issue of material fact); *see also Cloverleaf Standardbred Owners Ass'n v. National Bank of Washington,* 512 A.2d 299, 300 (D.C.1986) ("summary judgment motions (and oppositions) must be 'done by the numbers' ").

On the actual record before the trial court and this court, there is no proof that WMATA or any of its employees—negligently or otherwise—left any slippery substance on the stairs.

In *Wilson v. Washington Metropolitan Area Transit Authority,* 912 A.2d 1186 (D.C.2006), a bus passenger slipped and fell while getting off the bus. She testified that after she landed on the ground, she discovered an orange substance on her hand which smelled like orange soda. She did not see any orange soda on the steps of the bus, however, either before, during, or after her fall; nor did the bus driver, who also testified. There was evidence that passengers "often ate and drank on the bus, and that it was common for the bus to become cluttered with trash and debris throughout the day." *Id.* at 1188. The jury found WMATA liable for Ms. Wilson's injuries, but the trial court granted WMATA's post-verdict motion for judgment as a matter of law. This court affirmed that judgment and held:

> Given the absence of facts giving rise to proximate causation for Ms. Wilson's fall, the jury was left to speculate as to causation and draw impermissible inferences when there was no evidence that orange soda is what she slipped on or that it was even on the steps.... Under the facts of this case, the trial judge did not err in concluding that no reasonable juror could find in favor of Ms. Wilson on the issue of causation.

*Id.* at 1190 (citations omitted). In so holding, the *Wilson* court relied on several other cases, notably *Twyman v. Johnson,* 655 A.2d 850 (D.C.1995), in which a tenant fell while carrying trash down the rear steps of her apartment. This court affirmed a directed verdict for the landlord,

---

**3.** The bystander, Thomas Goldsmith, stated in an affidavit: "I did not observe anything in the nature of a defect or foreign substance on the stairway or platform which may have caused Mr. Mixon to stumble and fall."

even though the plaintiff had presented expert testimony that the steps were unsafe, because there was no evidence that the plaintiff's fall was caused by the defective condition of the stairs:

> Since Twyman was the only witness to the accident and she admitted that she did not know what had caused her fall, the jury could not reasonably have decided that she fell, for example, because she stepped on a slippery or uneven stair tread—and *not* simply because she missed a step or lost her balance.... Twyman gave no testimony tying her fall to a defective condition of the stairs other than her bare statement that she set her foot down on the second or third step and fell.

*Id.* at 853 (emphasis in original). *Wilson* and *Twyman* together illuminate one of the main weaknesses in appellant's case: the absence of any evidence of causation. Appellant simply has not shown, beyond his own speculation, that any act or omission by WMATA or its personnel had anything to do with his fall.

In addition, appellant offered no evidence to show that WMATA actually had notice of any substance on the stairs, or to permit a jury to impute constructive knowledge of such a substance to WMATA. *See Wilson,* 912 A.2d at 1190 (to prove constructive notice, "a plaintiff must present evidence that a dangerous condition existed for such a duration of time that had reasonable care been exercised the hazard would have been discovered" (citations omitted)); *accord, e.g., Rajabi v. Potomac Electric Power Co.,* 650 A.2d 1319, 1322 (D.C.1994) (defendants "must have had actual or constructive notice of [a hazardous condition] before they could be held liable"). Since the mere presence of a foreign substance is insufficient to establish either negligence or notice, the jury would have had to engage in sheer guess-

work to determine whether the alleged substance was on the stairs long enough to charge WMATA with notice of its presence and of the hazard it presented. *See District of Columbia v. Davis,* 386 A.2d 1195, 1200 (D.C.1978) ("the mere happening of an accident does not impose liability or reveal proof of negligence"); *Smith v. Safeway Stores, Inc.,* 298 A.2d 214, 217 (D.C.1972); *Jones v. District of Columbia,* 123 A.2d 364, 366 (D.C.1956).

Finally, appellant relies on the doctrine of *res ipsa loquitur,* which permits an inference of negligence "where plaintiff establishes that: (1) an event would not ordinarily occur in the absence of negligence; (2) the event was caused by an instrumentality in defendant's exclusive control; and (3) there was no voluntary action or contribution on plaintiff's part." *Marshall v. Townsend,* 464 A.2d 144, 145 (D.C.1983) (citations omitted). But the case before us cannot be decided on the basis of *res ipsa loquitur,* since there is— at the very least—no evidence to establish the first element, namely, that appellant would not have fallen unless WMATA had been negligent. *See Bray v. D.C. Transit System, Inc.,* 179 A.2d 387, 389 (D.C.1962). Moreover, this court and others have held that in cases in which notice is an essential element of a plaintiff's claim, *res ipsa loquitur* is inapplicable because it is inconsistent with the requirement of notice. *Hackett v. District of Columbia,* 264 A.2d 298, 300 (D.C.1970); *see also Rajabi,* 650 A.2d at 1323.

Appellant failed to present sufficient evidence to create a jury-triable question of fact. The trial court therefore committed no error in granting WMATA's motion for summary judgment, and that judgment is

*Affirmed.*