<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-1330**

———————

JOYCE F. BAGLEY,

                    Plaintiff – Appellant,

          v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

                    Defendant – Appellee,

          and

KONE, INCORPORATED,

                    Defendant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:07-
cv-00893-RWT)

———————

Submitted:  April 22, 2010              Decided:  May 13, 2010

———————

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Patrick J. Christmas, Silver Spring, Maryland, for Appellant.
Gerard J. Stief, Senior Associate General Counsel, Carol B.
O'Keeffe, General Counsel, Mark F. Sullivan, Deputy General
Counsel, Michael K. Guss, Assistant General Counsel, WASHINGTON

METROPOLITAN AREA TRANSIT AUTHORITY, Washington, D.C., for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce F. Bagley appeals the district court's order striking the testimony of her expert, granting Appellee Washington Metropolitan Area Transit Authority ("WMATA")'s motion for reconsideration, and granting summary judgment to WMATA in Bagley's negligence action arising from a trip and fall incident at the Foggy Bottom Metrorail station in Washington, D.C. Bagley argues that the district court erred in granting summary judgment to WMATA. Finding no error, we affirm.

We review de novo the district court's adverse grant of summary judgment and construe the facts in the light most favorable to Bagley, the non-moving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). To survive summary judgment, Bagley was required to "produce evidence from which a reasonable juror may conclude [not only] that a certain hazard caused the injury [but also] that [WMATA] had actual or constructive notice of that hazard." Mixon v. Washington Metro. Area Transit Auth., 959 A.2d 55, 58 (D.C. 2008) (internal quotation marks omitted).

We have reviewed the record and the parties' briefs and conclude that summary judgment for WMATA was proper in light

3

of the lack of evidence that WMATA had either actual or constructive notice of a defective condition in the station causing Bagley's injuries.  Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED