*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CV-1143

BEN POURBABAI, APPELLANT,

V.

BRYANT BEDNAREK, *et al.*,
APPELLEES.

FILED 5/13/21
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CAB-2410-17)

(Hon. Hiram Puig-Lugo, Trial Judge)

(Submitted February 11, 2021                    Decided May 13, 2021*)

*Ben Pourbabai*, pro se.

*Charles F. Pierre*, with whom *Todd S. Kim*, was on the brief, for appellees.

Before EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Upon consideration of a motion to publish filed by the District of Columbia Office of the Tenant Advocate, we grant the motion and publish this Opinion.

DEAHL, *Associate Judge*: Appellant Ben Pourbabai appeals the trial court's judgment awarding his former tenants $15,000 based on his bad-faith refusal to refund their security deposit. He also contests the court's rulings denying his motion for reconsideration and awarding the tenants just over $100,000 in attorney's fees and costs accrued during the protracted legal battle to recover their security deposit. On appeal, he insists that he was right to withhold the tenants' deposit because they caused extensive damage to the rental property. He then adds a host of scattershot arguments, such as that the trial court lacked subject matter jurisdiction, infringed upon his due process rights, and violated his right to a jury trial. Detecting no error, we affirm.[1]

## I.

---

[1] We also deny Mr. Pourbabai's pending motion to "set aside the entire case" because the tenants "defrauded [the] US Government," and his motion challenging the trial court's jurisdiction, as both motions are duplicative of arguments he makes on appeal and are addressed below. As for his remaining motion to "set aside the entire case for attorney abandonment," styled as a motion for relief from judgment, *see* Super. Ct. Civ. R. 60(b), we deny that motion as well because it is procedurally improper. A Rule 60 motion seeking relief from judgment must be filed with the trial court in the first instance.

Ben Pourbabai leased his townhouse[2] to tenants Bryant Bednarek, John Schryber, Drake Greer, and Reese Williams. Under the lease agreement, the tenants agreed to pay $5,000 per month for a ten-month term. They also agreed to pay a $5,000 security deposit at move-in, and Mr. Pourbabai in turn agreed to return that security deposit—minus any amounts owed—"within forty-five (45) days" of the tenants vacating the property.

Following a fraught ten-month landlord-tenant relationship, the tenants opted not to renew the lease. The day after its expiration, at 6:57 a.m., tenant Drake Greer emailed Mr. Pourbabai:

> As requested, we are completely moved out . . . . The house is cleaned and everything is fixed and in better condition than when we signed the lease. We waited all day for you to arrive but were forced to put all 4 keys in the lockbox as you never showed. . . .
>
> [P]lease send the security deposit check to:
>
> Drake Greer
>
> [Address omitted].

---

[2] Contrary to Mr. Pourbabai's admissions in the trial court that he "is the owner of the property at issue," he now asserts that he never owned the property. As discussed further in Part II.A below, that late assertion is contrary to the record evidence and provides no basis for relief.

Mr. Pourbabai replied hours later, stating that if the house was indeed in the condition described, the tenants "should not worry about anything."  He assured Mr. Greer that he would be in contact "within 45 days."  But forty-five days came and went, and on the forty-sixth day after the lease's expiration, Mr. Greer emailed Mr. Pourbabai again:

> Given that more than 45 days has passed since our lease with you expired and we moved out, we are operating under the assumption that, by now, you have dispatched a refund of our security deposit.  Please confirm by reply email.  If you have not yet dispatched a payment, please let me know your intentions in this regard.

Mr. Pourbabai replied that day, stating that he had previously mailed the tenants "a report through Canada Post," and he promised to send an electronic copy shortly.  Several hours later, Mr. Pourbabai sent another email attaching a letter, a purported invoice, and several photos.  The letter—dated four days earlier—accused the tenants of causing more than $10,000 in damage to the property.  It further noted Mr. Pourbabai's intent to apply the security deposit "toward covering a fraction of the cost[s]" of repairs.  The purported invoice—dated four weeks earlier—indicated that a contractor Mr. Pourbabai later claimed to have contacted through Craigslist charged him $4,250 to repair certain property damage and paint the property's interior.

Tenant Bryant Bednarek initiated this lawsuit in small claims court, seeking his portion of the security deposit and treble damages on the grounds that Mr. Pourbabai withheld the deposit in bad faith. Each of his former roommates filed their own claims, and all four were subsequently consolidated into this action. The case was then transferred to the Civil Division because the amount in controversy post-consolidation exceeded the $10,000 cap on small claims matters.[3] D.C. Code § 11-1321 (2012 Repl.).

During discovery, Mr. Pourbabai produced documents purporting to show that he paid for necessary repairs in excess of the security deposit amount. The documents indicated that, through Craigslist, Mr. Pourbabai sought and obtained an estimate of $4,250 to repair damage to the home. Skeptical of the documents, the tenants subpoenaed records from Craigslist, which indicated that Mr. Pourbabai had substantially and materially falsified the purported Craigslist messages he produced. The Craigslist records reflected an exchange in which Mr. Pourbabai offered $20 an hour for 8 hours of spot treatment to the walls, not the inflated $4,250 repair estimate that his apparently doctored documents reflected.

---

[3] When answering the tenants' complaint, Mr. Pourbabai simultaneously filed a counterclaim against the tenants seeking roughly $25,000 in damages due to the alleged property damages and other supposed violations of the lease.

The tenants moved for summary judgment on their security-deposit and bad-faith claims. Mr. Pourbabai failed to oppose the motion, prompting the trial court to treat the tenants' statement of material facts "as conceded where the record [did] not demonstrate otherwise." The court then granted the motion on all grounds and issued a judgment in the tenants' favor for $15,000 plus interest—$5,000 for the unreimbursed security deposit, and $10,000 in damages for Mr. Pourbabai's bad faith.[4] Two weeks later, Mr. Pourbabai asked the court for reconsideration or, in the alternative, a six-week continuance, but the court denied the motion because it failed to indicate whether the tenants opposed or consented to it.[5] The tenants subsequently moved for attorney's fees and costs, which Mr. Pourbabai again failed to oppose. The trial court granted it and awarded the tenants $98,973 in fees and $2,082.63 in costs. Mr. Pourbabai now brings this appeal.

**II.**

---

[4] The court additionally dismissed Mr. Pourbabai's counterclaim for failing to amend it, as required by a prior order granting the tenants' motion for a more definite statement. Mr. Pourbabai does not challenge that ruling on appeal.

[5] Mr. Pourbabai does not attack this particular basis for the trial court's denial of his motion, *see* Super. Ct. Civ. R. 12-I(a)(1), though he does raise a broader due process challenge to the trial court's rulings, which is discussed in Part II.A below.

As a threshold matter, the tenants ask us to dismiss this appeal as untimely because it was not filed within thirty days of the trial court's order granting summary judgment in their favor. *See* D.C. App. R. 4. But they ignore the fact that, within ten days of the summary judgment order, Mr. Pourbabai filed a timely motion for reconsideration, which extended the period for him to bring an appeal to thirty days after that motion was ruled upon. D.C. App. R. 4(a)(4)(A). This appeal was taken within thirty days of the trial court's order denying reconsideration, making it timely. So we turn to the merits.

Mr. Pourbabai challenges both the trial court's grant of summary judgment and its award of attorney's fees and costs, which he argues was excessive. We address those challenges in turn.

**A.**

This court reviews orders granting summary judgment de novo. *See Newmyer v. Sidwell Friends Sch.*, 128 A.3d 1023, 1033 (D.C. 2015). We will affirm if the evidence demonstrates "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. (citation omitted). Although we make all inferences in the non-movant's favor, conclusory allegations will not

suffice to defeat a motion for summary judgment. *Steele v. Salb*, 93 A.3d 1277, 1281 (D.C. 2014).

Critically, where the party opposing summary judgment fails to counter the motion "with specificity in a timely fashion," the trial court is at liberty to "accept the moving party's verified version of the facts." *Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 521 (D.C. 1985) (citing Super. Ct. Civ. R. 56(e)(2)). That is what happened here. Mr. Pourbabai failed to oppose the tenants' motion, so the trial court treated the tenants' statement of material facts "as conceded where the record [did] not demonstrate otherwise." It then granted the motion, holding that the undisputed facts demonstrated that Mr. Pourbabai failed to timely return the tenants' security deposit, and that such failure was done in bad faith. We agree with that assessment.

The District of Columbia's Security Deposit Act provides that, within forty-five days of a residential tenancy's termination, a landlord must either refund the security deposit to the tenants or notify them of the landlord's intention to withhold any portion to defray costs incurred under the lease's terms. 14 D.C.M.R. § 309.1 (2021); *see also* D.C. Code § 42-3502.17(a) (2020 Repl.) ("Security deposits shall be collected pursuant to the Security Deposit Act," codified at 14 D.C.M.R. §§ 308

*et seq*.). Mr. Pourbabai did neither. Forty-six days after the lease terminated and the tenants had vacated the premises, the tenants complained of that delinquency, prompting Mr. Pourbabai to assert that he had timely transmitted his notification to the tenants "through Canada Post." But he produced no evidence substantiating that claim, and even if he had, the Act required him to deliver the notice, if not personally, then "by certified mail." 14 D.C.M.R. § 309.1(2). Mr. Pourbabai's noncompliance with § 309.1 constituted "prima facie evidence" that the tenants were "entitled to full return, including interest." *Id.* § 309.3. His failure to rebut that evidence is sufficient grounds to affirm the tenant's security-deposit claim.

The trial court's finding that Mr. Pourbabai acted in bad faith is likewise beyond reproach. Rather than refunding the tenants' entire deposit as § 309.3 required, Mr. Pourbabai resorted to fraud. Section 309.5 provides that any landlord who fails to return a security deposit "shall be liable . . . for treble" the deposit's amount "in the event of bad faith." *Id.* § 309.5(1). Bad faith is defined as "any frivolous or unfounded refusal to return a security deposit . . . motivated by a fraudulent, deceptive, misleading, dishonest or unreasonably self-serving purpose." *Id.* § 309.5(2). Mr. Pourbabai's purpose fits each of those descriptors. The tenants' unrebutted statement of facts in support of summary judgment established that he created fraudulent records to support his claim that he sought and obtained repair

estimates from contractors on Craigslist. Consistent with the tenants' statement, the trial court found that the documents produced by Craigslist showed that Mr. Pourbabai had doctored and falsified the records he turned over in discovery. Treble damages were therefore appropriate.

Mr. Pourbabai does not seriously call those core conclusions into question in this appeal. He instead asks us to reverse the trial court's judgment for a host of other reasons: He contends the court lacked subject matter jurisdiction, violated his due process rights, and infringed upon his right to a jury trial. He attacks the tenants' service of process as invalid and asserts that he was never the townhouse's true owner.[6] Of these arguments, the jurisdictional challenge is the only one he raised before the trial court. *See Charlton v. Mond*, 987 A.2d 436, 440 (D.C. 2010) (jurisdictional issues raised in a denied motion to dismiss are preserved for appeal).

---

[6] Mr. Pourbabai also blasts his own attorneys for "abandonment," accuses them of "aid[ing] and abet[ting]" the tenants, and insinuates that they accepted bribes. He accuses the tenants of fraud, perjury, and conspiracy, and the trial court of "bias." And he attempts to lodge objections to an inapposite bankruptcy matter not before this court. We decline to consider these arguments. None have evidentiary support, and all are perfunctory and undeveloped. *See Musa v. Continental Ins. Co.*, 644 A.2d 999, 1002 (D.C. 1994) ("Mere conclusory allegations on the part of the non-moving party are insufficient to stave off the entry of summary judgment."); *Comford v. United States*, 947 A.2d 1181, 1188 (D.C. 2008) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (quotations omitted).

He forfeited the remaining arguments by failing to raise them before the trial court. *See McFarland v. George Washington Univ.*, 935 A.2d 337, 351–52 (D.C. 2007). We nevertheless exercise our discretion to address them, *see Abell v. Wang*, 697 A.2d 796, 800–01 (D.C. 1997) (recognizing the "judicial and societal preference for determining cases on the merits"), and conclude they are meritless.

Mr. Pourbabai first argues that the trial court lacked subject matter jurisdiction because the small claims branch has "exclusive jurisdiction" over civil actions in this jurisdiction where "the amount in controversy does not exceed $10,000." D.C. Code § 11-1321. But collectively, the tenants were seeking more than $10,000 against Mr. Pourbabai: In addition to a return of their $5,000 security deposit, they sought treble damages for his bad-faith dealings. Indeed, a judgment was issued against him for an amount exceeding $10,000—independent of the court's award of costs and attorney's fees—which is proof positive that the amount in controversy was no bar on the trial court's jurisdiction.

He next argues that his due process rights were violated because he was denied a meaningful opportunity to be heard when the trial court granted summary judgment against him without an in-person hearing. His claim might also be construed to challenge the court's order granting summary judgment before he had filed any

opposition. Under either interpretation of his argument, it fails. The trial court has discretion to rule on motions—including dispositive ones—without a hearing, particularly under the circumstances presented here, where the parties never requested one. *See* Super. Ct. Civ. R. 12-I(h); *Lynn v. Lynn*, 617 A.2d 963, 968 n.16 (D.C. 1992). The case Mr. Pourbabai offers as contrary authority, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), in fact makes clear that due process affords litigants only an "opportunity" to be heard; it does not oblige courts to consider their pleas, no matter how untimely or non-compliant with procedural requirements. *See id.* at 437 ("[N]othing we have said entitles every civil litigant to a hearing on the merits in every case. The State may erect reasonable procedural requirements for triggering" due process protections.). Mr. Pourbabai was accorded all the opportunity due process demanded when he had nearly two months to oppose the motion for summary judgment and chose not to do so. Mr. Pourbabai lodges the same due process challenge to the trial court's award of attorney's fees and denial of his motion for reconsideration absent an in-person hearing, and we reject those challenges for the same reasons.

Next, Mr. Pourbabai insists he was entitled to a jury trial. *See* U.S. Const. amend. VII. But "no jury trial is required" where, as here, "no genuine issue of fact exists for resolution by the trier of fact." *Mixon v. Washington Metro. Area Transit*

*Auth.*, 959 A.2d 55, 58 (D.C. 2008); *accord Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979).

He also argues that he was not properly served with the complaint. If he wanted to raise that defense he had to do so before filing his answer, which he did not do. Super. Ct. Civ. R. 12(b) ("these defenses must be made before pleading"). Mr. Pourbabai appeared in the matter, answered, and even counterclaimed without any complaint about improper service.

His final challenge to the summary judgment order is that he never owned the property, but rather, he acted solely as the "agent" of his ex-wife, the true owner. Not only is that a new argument, the record evidence supports the opposite conclusion: He admitted in his answer to the tenants' complaint that he was the property's "owner," and the lease identified him as the "[l]andlord." If Mr. Pourbabai wanted to assert otherwise then his opportunity to do so was in the trial court. He failed to do that and the record before us establishes that he, by his own admission, is the owner of the townhouse at issue.

**B.**

We finally turn to Mr. Pourbabai's challenge to the trial court's award of attorney's fees and costs. We acknowledge at the outset that an award of more than $100,000 in attorney's fees and costs—all in pursuit of a $5,000 security deposit (plus treble damages for the bad faith withholding)—is a bit jarring. But so are the circumstances here, in which Mr. Pourbabai's own fraudulent conduct protracted the proceedings below and inflicted inordinate costs on the tenants. We review the fee award under an abuse of discretion standard. *Bridgforth v. Gateway Georgetown Condo., Inc.*, 214 A.3d 971, 976 (D.C. 2019). Here, we discern no abuse of discretion.

Attorney's fees and costs were available to the tenants under both Super. Ct. Civ. R. 54(d) and D.C. Code § 42-3509.02, respectively. In deciding the amount to award, the trial court properly considered all "reasonableness" factors under our case law. *See Frazier v. Franklin Inv. Co.*, 468 A.2d 1338, 1341 (D.C. 1983). Meticulously applying the pertinent ones, the court found "no reason to believe" the requested fees were "excessive based on the hours billed" by the tenants' counsel. It instead found them reasonable, particularly given the additional work necessitated by Mr. Pourbabai's deceptive tactics. Mr. Pourbabai provides no sound basis for second-guessing that decision. *See, e.g., Assidon v. Abboushi*, 16 A.3d 939, 943 (D.C. 2011) (when ruling on a fees motion, "it is proper for the court to consider

whether the litigation has been oppressive or burdensome to the party seeking the award," as well as "the motivation and behavior of the litigating parties").

**III.**

The trial court's orders are affirmed.

*So ordered.*